## M. Carmisales v. The State.

Extra-Territorial Offenses — Indictment.— The Penal Code, articles 798–9, makes provision for the punishment of robbery, theft, and the knowingly receiving of stolen property, though perpetrated in a foreign country, if the property was brought into this State; provided that by the law of the foreign country the inculpatory act would have been the offense charged in the indictment. *Held*, that the law of the foreign country is an issuable fact in such cases, and should therefore be alleged in the indictment.

Appeal from the District Court of Webb.    Tried below before F. E. McManus, Esq., Special Judge.

The indictment charged that Bruno Rosales, Nicolas Ortiz, and Mauricio Carmisales, the appellant, on or about March 8, 1881, "in the State of Nuevo Leon, and in the Republic of Mexico, did then and there commit the offense of theft of horses and of property over the value of twenty dollars in lawful money of the United States, by then and there unlawfully and fraudulently taking and stealing from and out of the possession of one Vicente Rodriguez, of the property of said Vicente Rodriguez, two certain horses and three carbines of the value of twenty-five dollars each in the lawful money of the United States, said stealing being then and there done without the consent of the said owner of the said property, and to appropriate it then and there to the use and benefit of them the said persons so as aforesaid taking the same.    And the grand jurors further find and present that the said Bruno Rosales, Mauricio Carmisales, and Nicolas Ortiz, on or about the said 8th day of March, A. D. 1881, after the said unlawful taking and stealing of the above described property as aforesaid, did then and there unlawfully and feloniously bring the said property, so as aforesaid stolen, from and out of the State of Nuevo Leon in the Republic of Mexico into the county of Webb in the State of Texas.    And so these grand jurors

do find that the said Bruno Rosales, Mauricio Carmisales and Nicolas Ortiz, on or about the 8th day of March, A. D. 1881, did unlawfully and feloniously take and steal the above described property in the State of Nuevo Leon in the Republic of Mexico, and did then and there, on or about said 8th day of March, A. D. 1881, unlawfully and feloniously bring said stolen property into the county of Webb and State of Texas; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

To this indictment no exceptions were taken *in limine,* and the cause went to trial on the plea of not guilty, resulting in a verdict of conviction and the assessment of the defendant's punishment at a term of five years in the penitentiary. The defense filed a motion in arrest of judgment because, among other reasons, the indictment failed to aver that the offense charged was a crime under the law of Nuevo Leon or the Republic of Mexico. The motion was overruled, a new trial refused, and the defendant appealed.

No brief for the appellant has reached the Reporters.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. With regard to bringing stolen property into this State from another country or State the statute provides: "If any person who shall have committed an offense in any foreign country, State or Territory which, if committed in this State, would have been robbery, theft, or receiving of stolen goods or property knowing the same to have been stolen, shall bring said property into this State, he shall be deemed guilty of robbery, theft, or receiving of stolen goods knowing the same to have been stolen, as the case may be, and shall be punished as if the offense had been committed in this State." Penal Code, art. 798.

But, to be good or sufficient in charging this offense, the indictment should aver and allege that the act charged to have been committed was a criminal act by the law of the State where committed. "The law of the foreign State becomes a necessary element in proving the guilt of the accused, and ought therefore to be averred." *State* v. *Morales*, 21 Texas, 298.

Because the indictment in this case is fatally defective under the above stated rule, the judgment is reversed, and the case as in the manner prosecuted is dismissed.

*Reversed and dismissed.*