12   121
29   454

## FRANK CUMMINS *v.* THE STATE.

1. EXTRA-TERRITORIAL OFFENSES — INDICTMENT. — Articles 798 and 799 of the Penal Code provide for the punishment of robbery, theft, and the knowingly receiving of stolen property, though perpetrated in a foreign country or State, if the property was brought into this State, provided that by the law of the foreign country or State the inculpatory act would have been the offense charged in the indictment.   *Held*, that in such a case the law of the foreign country or State is an element of the offense and an issuable fact to be alleged in the indictment.   See the allegation which is held sufficient in the present case.

2. SAME. — But the indictment need not aver that the accused was punishable by or amenable to the laws of the foreign country or State.

3. PROOF OF FOREIGN LAWS.— Article 2250 of the Revised Statutes provides that "the printed statute books of this State, of the United States, of the District of Columbia, or of any State or Territory of the United States, or of any foreign government, purporting to have been printed under the authority thereof, shall be received as evidence of the acts and resolutions therein contained." This enactment applies to criminal as well as civil cases, and the imprint of the book suffices *prima facie* to authenticate it.

4. PRACTICE IN THIS COURT.— When the record shows that the bills of exception were not filed during the term and within ten days after the conclusion of the trial, as prescribed by law, they will not be considered on appeal.

APPEAL from the District Court of Grayson. Tried below before the Hon. JOSEPH BLEDSOE.

On November 25, 1881, the grand jury of Grayson county presented an indictment whereby they charged that the appellant, on June 8, 1881, fraudulently took, stole and carried away three horses from the possession and without the consent of John Parish, the owner, in the Indian Territory, and that, on June 10, 1881, he unlawfully and feloniously brought the said horses into the county of Grayson, State of Texas. The indictment contained two counts, of which the first laid the venue of the theft in the Choctaw and the second in the Cherokee Nation, Indian Territory. The jury found appellant guilty, and assessed his punishment at a term of ten years in the penitentiary.

The opinion of this court discloses all matters relevant to the rulings.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. For the purpose of meeting one or more of the principal questions raised on the trial below, we reproduce in full the statute under which the prosecution in this case was conducted. It reads: "If any person

who shall have committed an offense in any foreign country, State or Territory, which, if committed in this State, would have been robbery, theft, or receiving of stolen goods or property knowing the same to have been stolen, shall bring said property into this State, he shall be deemed guilty of robbery, theft, or receiving of stolen goods knowing the same to have been stolen, as the case may be, and shall be punished as if the offense had been committed in this State." Penal Code, art. 798.

" Art. 799. To render a person guilty under the preceding article, it must appear that by the law of the State or Territory from which the property was taken and brought to this State, the act committed would also have been robbery, theft, or receiving of stolen goods."

The indictment contained two counts, each being a full and complete charge for the theft of the property; one alleging the offense to have been committed in the Choctaw and the other in the Cherokee Nation, Indian Territory, and both containing the allegation " that the acts of the said Cummins, as hereinabove stated, constituted the crime of theft under and in virtue of the laws of the said Choctaw (Cherokee) Nation, in full force and effect in said Nation on the said 8th day of June, 1881 (the date of the alleged offense), and was punishable as such by said laws, and also the same constituted the crime of theft under the laws of the United States in force in said Nation at the time aforesaid, and was punishable as such under said laws of the United States; and that the said Cummins, after he had stolen the horses aforesaid in the said Choctaw (Cherokee) Nation, and on, to wit, the 10th day of June, 1881, he the said Cummins did unlawfully and feloniously bring said horses from the said Choctaw (Cherokee) Nation into the county of Grayson, State of Texas," etc.

Several objections to the sufficiency of the indictment were urged in the motion in arrest of judgment, as fol-

lows: "1. Each count in the indictment filed in said cause is duplicitous.

"2. The indictment does not charge any offense against the laws of the State of Texas, and does not charge that defendant is amenable to or punishable by the laws of the Choctaw or the Cherokee Nations, nor of the United States.

"3d. It does not appear from the indictment that the defendant is or was punishable by or subject to the laws of the Choctaw or Cherokee Nations, or of any foreign State, country, or Territory, where the theft is alleged to have been committed.

"4th. Because the acts charged in said indictment to have been committed do not appear to have been theft by the laws of the Cherokee or Choctaw Nations, nor of the United States, as applicable to the person of the defendant."

It is to be noted that the indictment does charge that the acts of the defendant, as alleged, constituted the crime of theft under and by virtue of the laws of the Choctaw (Cherokee) Nation.    This, we think, was a sufficient allegation that the offense charged was theft, and as such a crime against the laws of those Nations.    As said by Judge Wheeler in *State* v. *Morales,* 21 Texas, 298: "It is the offense of bringing property into this State which was obtained by the commission of a crime against the law of the foreign State, which our law punishes. To make out the offense it must appear that the act complained of was criminal in the State where it was committed.    The law of the foreign State becomes a necessary element in proving the guilt of the accused, and it ought therefore to be averred.    The indictment should have averred that the stealing, taking and carrying away was by the law of the said State of Tamaulipas criminal, and that it was theft."

Nor was it necessary for the indictment to allege that

defendant was punishable by or subject to the laws of the Nation. If the act was in itself criminal, that it was punishable is a natural sequence, since all crimes known to the law are punishable. Neither was it necessary or essential to allege that defendant was subject to the laws of the Nation,— the presumption being that all persons are equally responsible under the law, whether citizens or aliens. Our statute makes no distinction. It uses the terms "if *any* person who shall have committed an offense in any foreign country," etc.

The indictment being sufficient, the court did not err in overruling the motion in arrest of judgment based upon its supposed insufficiency.

On the trial the State was permitted to read in evidence, over objections of defendant, certain portions of the laws of the Choctaw Nation, as follows: "An act entitled an act defining the crime of larceny, and declaring the punishment therefor.

"Sec. 1. Be it enacted by the general council of the Choctaw Nation that any person who shall be convicted of taking and carrying away feloniously the personal property of another, of the value of twenty-five dollars or more, shall be guilty of grand larceny, and shall return such property or pay the value thereof, and shall receive one hundred lashes well laid on the bare back, and on conviction of a second offense of horse-stealing shall suffer death by hanging.

"Sec. 2. Be it further enacted that if any person shall feloniously take, steal and carry away any personal property of another under the value of twenty-five dollars, he shall be deemed guilty of petit larceny, and shall return or pay for the property so stolen, and shall receive not more than one hundred lashes, at the discretion of the court."

In connection with the introduction of law, the statement of facts recites that said law as read was "con-

tained in a book with the following imprint on the title page of said book, to wit: 'Constitution and laws of the Choctaw Nation, together with the treaties of 1855, 1865 and 1866. Published by authority and direction of the General Council, by Joseph P. Folsome, commissioner for the purpose, Chapter Tamaha, 1869.' "

Defendant's objections to this evidence, as shown by his first bill of exceptions, were that "defendant had not been shown by the evidence, nor was he charged in the indictment, to be an Indian nor subject to the laws of the Choctaw Nation, and because the evidence was irrelevant, incompetent, inadmissible, and not authenticated according to the statutes." We have already noticed the first objection, i. e., that the defendant was not alleged to be an Indian nor subject of the Nation. Neither such allegation nor proof was necessary, because the punishment for the offense charged is not, either by our own or by the statutes of the Choctaw Nation, limited anywhere to Indians or subjects of that Nation, but embraces *any* and all persons committing the crime of theft in the Nation or Territory.

The other objection to this evidence is answered by reference to art. 2250 of the Revised Statutes, which provides that "the printed statute books of this State, of the United States, of the District of Columbia, or of any State or Territory of the United States, or of any foreign government, purporting to have been printed under the authority thereof, shall be received as evidence of the acts and resolutions therein contained."

Three objections are insisted upon with regard to the confessions of defendant, as proven on the trial: 1st. That the witness testifying to the confessions did not recollect and could not repeat the exact language used by the officer in his warning to defendant before the confession, to the effect that anything which he might confess would or might be used as evidence against him on the trial.

2d. The witness testifying to the confessions of the defendant stated that he could not give the exact words of defendant, but the substance.

3d. That the confession was not made immediately after and to the officer who had warned defendant of the probable consequences of his confessions.

If the bills of exceptions embodying these objections were properly before us for consideration, we would be constrained to hold that the explanations appended to the bills by the learned judge amply met the objections urged. The bills, however, are not entitled to consideration, because not filed in the time prescribed by law. The trial, as shown by the judgment, was on the 28th of November, 1881. These bills of exception, as shown by the record, were filed on the 27th of December, 1881; lacking but one day of being a month after the trial, whereas the statute requires that the bill of exceptions shall be reduced to writing and presented to the judge for allowance and his signature, during the term *and within ten days after the conclusion of the trial.* Rev. Stats. art. 1363; *Keeton* v. *State,* 10 Texas Ct. App. 686.

We find no error in the record in this case, and the judgment is therefore affirmed.

*Affirmed.*