## Ira Ellis v. L. M. Wiley and others.

Where a code or statutes of another State have been published by authority, and purport to have been so published, a reprint of such book is admissible as evidence, without other evidence of its sanction by the Government of such State.

In an application for a continuance, it is not sufficient to state that affiant had caused a subpoena to be issued for a witness, without showing that the witness resided in the county, or that the subpoena was served, where the sub poena was only issued a day or two before the cause was called for trial.

Appeal from Smith. The transcript, in this case was not found in the Clerk's office.

*J. C. Robertson*, for appellant.

*Selman* and *Hubbard*, for appellees.

LIPSCOMB, J. The appellant supposes that the Court below erred in permitting a book purporting to be a reprint of a book published by authority of the State of Louisiana to prove the rate interest in that State. The presumption is that this second edition had also the sanction of the Government of Louisiana ; and if so, the reception of it as evidence is not repugnant to Article 747 Hartley's Digest.

The other ground, relied on by the plaintiff, is equally una-vailable. The Court did not err in overruling the appellant's motion for a continuance. His showing was defective in this : it did not show diligence. He swears that he caused a sub-poena to be issued for a witness, but does not show that the witness resided in the county, or that the subpoena had been served. And it appears that the subpoena was only issued a day or two before the cause stood for trial. The judgment is affirmed.

Judgment affirmed.