Opinion delivered June 6, 1888.

---

## No. 6103.

### Antonio Fernandez v. The State.

1. THEFT—EVIDENCE.—To support a conviction for the theft of property stolen in a foreign country and brought into this State, it devolves upon the prosecution to prove that the act committed was not only theft in this State, but was theft in the foreign country from which the property was taken and brought into this State. As sufficient proof of such fact, the trial court properly admitted in evidence a reprint of a book purporting to be the "Penal Code of the State of Coahuila, Republic of Mexico, and published by authority of said State;" the rule being that "when a code or the statutes of another State have been published by authority, and purport to have been so published, a reprint of such book is admissible in evidence without other evidence of its sanction by the government of such State."

2. SAME—POSSESSION OF RECENTLY STOLEN PROPERTY—CHARGE OF THE COURT in a theft case, if the inculpatory facts consist alone of recent possession of stolen property, explained by the accused when his possession was first challenged, is insufficient unless it explains to the jury the law applicable to such recent possession and explanation.

3. SAME—RECEIVING STOLEN PROPERTY—EVIDENCE in a theft case tending to establish the offense of receiving stolen property, knowing it to be stolen, the trial court erred in omitting to charge the jury that if they believed the evidence to establish such a receiving of the stolen property, and not an actual complicity in the taking of the property, the accused could not be convicted of theft.

4. SAME—PRINCIPAL OFFENDER—QUÆRE.—A principal offender under the law of this State, is one who, being present when the offense is actually commited by another, and knowing the unlawful intent of such other, aids by acts or encourages by words the party engaged in the commission of the unlawful act. Would the State, in prosecuting such an aider and abettor as a principal offender, for an offense committed primarily in a foreign country, and consummated in this, be required to show a similar or analogous provision of the law of the foreign country?

APPEAL from the District Court of Kinney. Tried below before the Hon. Winchester Kelso.

The conviction was for the theft of a horse, and the penalty assessed against the appellant was a term of five years in th. penitentiary.

The opinion fully summarizes the substance of the proof.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was indicted under article 798 of the Penal Code for the theft of *one* horse in the State of Coahuila, Republic of Mexico, and afterwards bringing the said stolen horse into Kinney county, Texas. It appears that two horses belonging to the same owner were taken at the same time and place—one a dun and one a black. The court, however, in the charge to the jury, properly limited their finding of guilt to one (the dun), and appropriately restricted the purposes and extent to which they would consider the evidence relating to the theft of the black horse.

In the prosecution of this case for theft of property stolen in a foreign country it became necessary to show that the act committed was not only theft in this State, but that it was also theft in the State of Coahuila, Republic of Mexico, the country from which the property was taken and brought into this State. (Penal Code, art. 799; Carmisales v. The State, 11 Texas Ct. App., 474.) In such cases the law of the foreign country is an element

of the offense, and an issuable fact to be alleged and proved. (Morales v. The State, 21 Texas Ct. App., 298.) Article 2250 of the Revised Statutes provides how laws shall be proved, and is applicable in criminal cases. (Code Crim. Proc., art. 726; Cummins v. The State, 12 Texas Ct. App., 121.) It is therein provided that "the printed statute books of * * * any foreign government, purporting to have been printed under the authority thereof, shall be received as evidence of the acts and resolutions therein contained."

For the purpose of proving the laws of Coahuila upon the subject, the prosecution placed as a witness upon the stand one Mitchell, who was the vice consul of the United States at Piedras Negras, in Mexico, who was acquainted with and able to read and write the Spanish language, and had had some experience as a practitioner in the courts of Mexico, though not a lawyer. This witness was handed a book, and was asked to state what it purported to be, and he said the title page, translated, read as follows: "Penal Code for the Federal District and Territory of Lower California of crimes against the Federation, adopted in the State of Coahuila according to the decree No. 204. Reprint, Saltillo, 1876. State Printing Office; under the charge of Miguel M. Pepi." Witness further stated that the book contained decree No. 204, by the Legislature of Coahuila, adopting the book as the Penal Code of said State, and other amendments to the same in some instances; that "the book purported to be the Penal Code of the State of Coahuila, Republic of Mexico, and published by the authority of said State." Witness was also permitted, over objections of defendant, to read and translate certain articles contained in said book, relating to theft of animals and its punishment, showing that theft of horses was a punishable crime in that country.

Several objections were and are urged to the competency, sufficiency and admissibility of this evidence. In Ellis v. Wiley, 17 Texas, 134, it was held that "where a code or statutes of another State have been published by authority, and purport to have been so published, a reprint of such book is admissible in evidence, without other evidence of its sanction by the government of such State." We are of opinion the evidence was properly admitted. (Cummins v. The State, 12 Texas Ct. App., 121; Cowell v. The State, 16 Texas Ct. App., 57.)

Several questions, it occurs to us, present themselves on this record which are necessary to be determined in order to arrive

at an intelligent and satisfactory conclusion as to the validity of this conviction. These questions are: 1. Is there any other circumstance or inculpatory fact established against defendant than that of recent possession, and was not such possession explained? 2. Does not the evidence, if it establishes any crime against defendant at all, show him to be a receiver of stolen property, knowing the same to have been stolen?—in which event he could not be convicted under this indictment for theft. 3. Can defendant under this prosecution be convicted as a principal offender, provided the evidence shows that to be his status with reference to the crime committed? Let us consider these questions with reference to the salient features of the evidence.

It is shown by the testimony that the horses were stolen in Piedras Negras, on December 2, 1887. They were next seen by the witness Davis at his place on the Nueces river, on or about the second of December, in possession of one Leonidas Huerto and defendant, and they were claimed by Huerto. Huerto sold one of the horses to Davis, and defendant got the dun horse from Huerto to ride to Brackett to get medicine. He got the medicine from Doctor Patrick about the fifteenth. On the sixteenth he was at the house of Salinas with the horse, and told Salinas it was stolen, but did not state by whom stolen. Salinas told one Ruiz that defendant had possession of a stolen horse, and Ruiz went and got the horse without defendant's knowledge, and on the seventeenth he turned the horse over to Deputy Sheriff Rose. On the eighteenth, defendant, finding Rose in possession of the horse, claimed him, but said afterwards that he had borrowed him from Leonidas Huerto. These appear to be the principal facts developed in evidence.

It seems clear to us from these facts that defendant's guilt depends mainly upon the fact of his recent possession, and a possession which defendant explained, whether the explanation made by him was reasonable, satisfactory and probably true, or not. He said he knew the horse was stolen, but he did not say he had stolen it; on the contrary, he stated that he had borrowed it from Huerto. The court's charge was insufficient in that it wholly failed to instruct the jury upon the law with reference to this phase and theory of the case. (See Boyd v. The State, 24 Texas Ct. App., and authorities cited.)

Again: If the horses were stolen by Huerto, and, after they were so stolen, defendant, knowing the facts, obtained and held possession of the dun horse from and by authority of Huerto,

he would not be guilty of the theft, though he might, under a proper indictment, be convicted for receiving and concealing the property (Willis v. The State, 24 Texas Ct. App., 584; Willis and Boyd v. The State, Id., 586); and the jury should have been instructed that if they found such to be the case, they would acquit him under this indictment. These omissions in the charge of the court render it necessary that the judgment should be reversed.

There is another question made in the record which is novel in character, and, as far as we are advised, is one of first impression. We have already seen that under our statute (Penal Code, art. 799) in this case it was essential to the validity of a conviction that proof be made that the act committed would have been theft in Coahuila. Now, under our statutes the defendant would have been a principal offender if he was present when the offense was actually committed, and, knowing the unlawful intent, aided by acts and encouraged by words the party engaged in the unlawful act, etc. (Penal Code, arts. 74, 75, 76.) The question is whether it devolved upon the State to show a similar provision of law in Coahuila, in case the facts established that defendant occupied such a relation to Huerto, the party who actually perpetrated the crime. We do not believe the State would be required to show such a statute in the foreign country. We are inclined to think that whenever the State proved that under laws of the foreign country the crime committed was theft, and that defendant was present and a party to it, which latter might be proved by direct or circumstantial evidence, that would be sufficient unless the defendant himself could show by express provision of such foreign law that he would not be liable because not the actual taker. Without deciding the question at this time, we suggest that upon another trial the State adduce such proof as may be had from the laws of Mexico upon the subject.

For errors of omission in the charge of the court, above pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*