EUGENE JOHNSON v. THE STATE.

No. 12767. Delivered December 18, 1929.

The opinion states the case.

*King, Mahaffey & Wheeler* of Texarkana, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, three years in the penitentiary.

Officers searched a place of business at 113 State line in the City of Texarkana. There they found four pints of whiskey in a Ford truck outside, one-half pint of whiskey in a flask in a pocket on the wall, two dozen empty fruit jars, one dozen empty flasks and one dozen whiskey glasses. Some of these empty flasks and glasses contained the odor of whiskey. They also found two flask containers, which looked like table legs and were varnished over like furniture. They seem to have been so constructed that you could drop one bottle down over the other. Other testimony was introduced of purchases from appellant and others in this place. The evidence was sufficient in our opinion to show the commission of the offense charged.

The indictment alleged the possession for the purpose of sale of "spirituous, vinous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication." It is claimed that this allegation rendered the indictment duplicitous. The authorities seem to be against appellant's contention. Travinio v. State, 92 Tex. Crim. Rep. 140; Stephenson v. State, 103 Tex. Crim. Rep. 381. See also recent case of Magnus Walker, No. 12684, opinion delivered October 30, 1929, not yet officially reported, for further collation of authorities.

The Sheriff of Miller County, Arkansas, testified for the State that operating under a search warrant, he had searched the private residence of appellant, apparently located over on the Arkansas side of the State line. He produced the search warrant but not any affidavit. The search warrant showed on its face to have been issued by the Judge of the Municipal Court of Texarkana, Arkansas, and to have been issued upon the complaint of one G. H. Brooks to search the residence of appellant. This witness testified that in the residence of appellant at the time of the search he found a condenser, a ten gallon empty whiskey keg, some copper pipe and a record book, which record book was introduced for the purpose apparently of showing and does tend to show, we think, without setting it out in detail, the purchase or possession of material by appellant for the operation of a still, as well also as a list of his customers to whom he had sold or was selling liquor. Many objections were urged to the admission of this testimony, only one of which we deem necessary to notice.

This record makes plain the fact that this was an illegal search under the Texas law, both because the affidavit upon which the search warrant was based was signed by only one witness and because it fails to contain the necessary averments that the residence was a place where intoxicating liquor was sold or manufactured. It will be presumed, in the absence of proof to the contrary, that the laws of Arkansas on this subject are the same as those of Texas. Tempel v. Dodge et al., 89 Tex. 68; Fernandez v. State, 8 S. W. 667; Cummins v. State, 12 Tex. Crim. App. 121. By the express terms of Art. 691, Penal Code of Texas, the search of a private residence is inhibited under the circumstances recited above. See also Art. 4a, C. C. P. Any further discussion of this question would be a repetition of what has been ofttimes held.

Because of this error, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.