## THE STATE v. SIMON MORALES.

In an indictment, under Articles 774 and 775 of the Penal Code, it should be averred that the act charged to have been committed was a criminal act by the law of the State where committed, and that it was robbery, theft, or the receiving of stolen goods knowing them to have been stolen, as the case may be.

Appeal from Cameron.    Tried below before Hon. E. J. Davis.

The indictment charged the defendant with stealing, taking, and carrying away two horses, the property of Antonio Mediano, then being found in the State of Tamaulipas in the Republic of Mexico, without an averment that such act was there a crime.    Upon motion the indictment was quashed.

*J. Willie*, Attorney General, for the State.    Although it is undoubtedly necessary to prove, on the trial, in a case like this, that by the law of the foreign country the act committed is an offence against the law of such foreign State, it does not necessarily follow that the indictment must allege the fact; for I suppose the presumption, at least for the purposes of determining upon the sufficiency of the indictment, would be that the foreign law is the same as our own.    If the converse of this proposition is true, it would seem to be equally requisite to allege that a particular act is penal by the law of our own State.    So far as the indictment is concerned, the gist of the charge in a case like this is, that the party has committed an offence against the law of Texas : it only remains for the prosecution to show, by the production of the foreign law, that the act is also criminal in the country from which the property was taken.

*I. B. Bigelow,* for appellee.    I.    The indictment in this case was fatally defective, and was properly quashed.

Article 775 of the Penal Code provides that, " To render a person guilty under the provisions of Article 774 of the same Act, it must appear that by the law of the State or Territory from which the property was taken and brought to this State, the act committed would also have been robbery, theft, or receiving stolen goods."

How could it be made to appear that the taking of a horse in Tamaulipas, Mexico, is a theft, but by proof of the fact; and how could such proof be admitted in the absence of appropriate averments in the indictment.

II.    In order to put the defendant upon his trial, it was necessary for the indictment to charge him, in direct terms, with the theft, whereas it simply alleges that the defendant, on the 15th of May, 1857, in Tamaulipas, in the Republic of Mexico, feloniously did steal, take and carry away two horses, the property of Antonio Madrana, and that afterwards he brought said horses into the county of Cameron, in the State of Texas.

The Criminal Code has made no provision for punishing a party for bringing stolen property into the State, knowing it to be stolen ; and under the provisions of Article 774, of the Code, the taking of the property in a foreign country, State, or Territory, and the subsequent bringing into this State, are both required to constitute the offence of theft ; and the bill of indictment is further fatally defective, in simply making the recital of the facts of the taking and bringing the horses into this State, without distinctly charging the defendant with being guilty of a theft, as contemplated by the Statute.

It is believed the indictment was properly quashed, and that the judgment ought to be affirmed.


WHEELER, J.    It is only by force of positive law, (P. C., Art. 774, 775,) that the Courts of this State can take cogni-

zance of an offence committed against the laws of another State or country.  It is the offence of bringing property into this State which was obtained by the commission of a crime, against the law of the foreign State, which our law punishes. To make out the offence, it must appear that the act complained of was criminal in the State where it was committed.  (Id. 775.)  The law of the foreign State becomes a necessary element in proving the guilt of the accused ; and it ought, therefore, to be averred.  The indictment should have averred that the stealing, taking, and carrying away, was, by the law of said State of Tamaulipas, criminal, and that it was theft.  The Court did not err in adjudging the indictment insufficient for the want of the averment, and the judgment is affirmed.

Judgment affirmed.