[No. 2914.]

LAWYER COWELL alias CAT-CHA-FICK-HARJO v. THE STATE.

1. THEFT—INDICTMENT—ARREST OF JUDGMENT.—The indictment charged that the defendant, on July 30, 1883, in the Creek Nation, Indian Territory, did fraudulently take, steal and carry away from the possession of one B., three horses, the personal property of said B., without his consent, etc. That, on August 1, 1883, the said defendant did bring the said horses into the county of G., State of Texas. That on the said thirtieth day of July, 1883, the said acts of defendant constituted the offense of theft of horses, and were punishable as such, under and by virtue of the laws of the said Creek Nation, then in full force. *Held*, that the indictment was sufficient to charge the offense of horse theft, wherefore the motion in arrest of judgment was properly overruled.

2. SAME—PRACTICE—EVIDENCE BY DEPOSITION.—Proof that a witness resided beyond the limits of the State sufficiently established the predicate for the introduction in evidence of his written testimony, taken before an examining court.

3. SAME.—It was urged against the competency of the written testimony that it was not sent to the clerk of the district court, sealed up in an envelope, etc. *Held*, that the objection was untenable, in view of the fact that the writing was identified as the testimony of the witness by the magistrate who reduced it to writing, and was properly certified to by him at the time it was subscribed and sworn to by the witness.

4. Same.—The State was properly permitted to prove that the words "Muscogee" and "Creek" signify the same thing, and that the "Muscogee Nation" is the same as the "Creek Nation." Such proof, however, was not necessary, inasmuch as it was a matter of which the court was authorized to take judicial notice.

5. Same.—The trial court admitted in evidence the printed Code of Laws of the Muscogee Nation, and in this action it did not err, the book purporting to be published by authority of the said Nation, and being certified to be a true copy of the manuscript laws of that Nation, which certificate was authenticated by the signature of the Principal Chief of that Government, under the great seal thereof. See the opinion *in extenso* on the question.

6. Same—Fact Case.—See evidence *held* sufficient to support a conviction for horse theft.

Appeal from the District Court of Grayson. Tried below before the Hon. R. Maltbie.

The conviction was for the theft of three horses, the property of one Fred Brown. They were taken, according to the indictment, in the Creek Nation, in the Indian Territory, on the thirtieth day of July, 1883, and on the next day were brought into the county of Grayson, in the State of Texas. The indictment further alleged that, under the laws of the Creek Nation, then in force, the acts charged constituted the offense of horse theft. A term of five years in the penitentiary was the penalty assessed by the jury.

The written testimony of Fred Brown was the first evidence introduced by the State. He testified that he was, and had been twenty years, a resident of the Creek Nation, in the Indian Territory, living on his place, which was distant from Sherman, Texas, about one hundred miles. He knew the two parties charged in separate indictments with the theft of the horses for which the defendant is now on trial. The defendant's English name is Lawyer Cowell. His Indian name, the witness understood to be Cat-Cha-Fick-Harjo, which, interpreted, means Tiger-with-the-Crazy-Heart. The other party charged bears the English name Wilson Wallow, his Indian name being Osooch-Harjo, meaning in English, Crazy Fellow, or Run Mad. They are Creek Indians, and live near the witness, in the Creek Nation. Witness had seen them around and about his place nearly all of the summer of 1883.

Three horses were stolen from the witness on the last Monday in July, 1883. One was a large bay mare, branded R on the

right shoulder, worth seventy-five dollars. The second was a bay yearling colt, in the same brand, worth thirty dollars, and the third was a light bay mare pony, branded F on the left shoulder, worth about twenty dollars. These animals belonged to the witness; they were in his possession when taken, and were taken without his consent. Witness followed the defendant and his companion, and saw them next after the theft in jail at Sherman. He found his horses in the possession of deputy United States marshal Wright, in Denison. To this writing the signature and cross mark of the witness were attached, attested by R. S. Bullock. It was certified by the said Bullock, justice of the peace, as the testimony of the witness, subscribed and sworn to, and was also identified by Bullock on the stand.

H. G. McConnell was next placed upon the stand, by the State. He testified that he met the defendant and another Indian in Denison, Grayson county, Texas, on the second day of August, 1883. They had in their possession, and were offering for sale, the animals described in the indictment. The witness purchased the two bay mares for ten dollars apiece. They were worth at least fifty dollars each. These animals were taken away from the witness by deputy United States marshal Wright, as the property of Fred Brown. Witness saw Fred Brown in Denison two or three weeks afterwards. Brown then claimed the animals.

By Eli Gentry, a colored citizen of the Creek Nation, the State proved that "Muscogee" and "Creek" were synonymous terms, and that the "Muscogee Nation" meant the same as the "Creek Nation."

The State then introduced in evidence a book, entitled on the back, "Laws of the Muscogee Nation," and on the title page, "Constitution and Laws of the Muscogee Nation: Published by authority of the National Council." The following certificate, in script, was attached to the said book:

"Executive Department, Muscogee Nation, ⎫
    "Muscogee Nation, Indian Territory,       ⎬
          "Okmulgee, I. T., Dec. 7, 1883. ⎭

"I hereby certify the book to which this certificate is hereto attached, titled the 'Laws of the Muscogee Nation,' is a correct and true copy of the original laws in manuscript, now on file in this office; and that the words 'Creek' and 'Muscogee' are synonymous terms.

"Given under my hand and seal of the Muscogee Nation, the date above written.

[Great Seal of the _          "J. M. PERRYMAN,
Muscogee Nation.]             "Prin. Chief M. N."

Section — of Article III, on page 33 of said book, was then read in evidence. That section is as follows:

"Any person who shall unlawfully, by stealth or force, possess himself of the property of another, shall be guilty of theft, and shall, upon conviction, for the first offense, receive fifty lashes upon the bare back; for the second offense, receive one hundred lashes upon the bare back, and for the third offense shall suffer death by shooting."

The motion for new trial raised the questions passed upon in the opinion, and disputed the jurisdiction of the trial court.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. It is alleged in the indictment that defendant, on the thirtieth day of July, 1883, in the Creek Nation, in the Indian Territory, did fraudulently take, steal and carry away from the possession of one Fred Brown three horses, the personal property of said Brown, without his consent, etc. And that on the first day of August, 1883, the said defendant did bring said horses into the county of Grayson, State of Texas. And that on the said thirtieth day of July, 1883, the said acts of said defendant constituted the offense of theft of horses, and were punishable as such under and by virtue of the laws of said Creek Nation, then in full force. We think this indictment is in strict accordance with the law, containing every necessary allegation, and that the defendant's motion in arrest of the judgment, based upon supposed defects in the indictment, was properly overruled. (Penal Code, Arts. 798, 799; *State* v. *Morales*, 21 Texas, 298.)

2. It was not error to permit the written testimony of the witness Fred Brown, taken before an examining court, to be read in evidence. The proper predicate for the introduction of it was laid by proving that the witness resided out of the State, etc. It was no objection to this testimony that it had not been sent to the clerk of the district court sealed up in an envelope,

etc. It was identified as the testimony of the witness by the magistrate who reduced it to writing, and was properly certified to by him at the time it was subscribed and sworn to by the witness. (*Evans* v. *The State*, 12 Texas Ct. App., 370.)

3. It was not error to permit the State to prove that the words "Muscogee" and "Creek" signified the same thing, and that the "Muscogee Nation" was the same as the "Creek Nation." It was in fact unnecessary for the State to make this proof, as it is a matter of public history, and of which the courts take judicial notice. (Encyclopædia Brittanica, vol. 12, p. 868; 1 Whart. Ev., sec. 338.)

4. It was not error to admit in evidence the Code of Laws of the Muscogee Nation. The book purported to be published by authority of said Nation, and was certified to be a true copy of the manuscript laws of said Nation, which certificate was authenticated by the signature of the principal chief of that government, under the great seal thereof. The Muscogee or Creek Nation is one of the five civilized tribes of Indians settled by the United States government in the Indian Territory. These civilized tribes, while under the general supervision and control of the United States, have local governments of their own. Besides a principal and subordinate chiefs, they have councils, which correspond in many respects to the Legislature of a State.

They also have simple codes of laws and courts to enforce them. These local governments come within the meaning of "foreign governments," as used in Article 2250 of our Revised Statutes. "Foreign" signifies that which belongs to another; that which is strange. Every nation is foreign to all the rest; and the several States of the American Union are foreign to each other with respect to their municipal laws. (1 Bouvier's Law Dic., word "Foreign;" *Cummins* v. *The State*, 12 Texas Ct. App., 121.)

We have discovered no error in this record. The charge of the court is in all essentials full and correct, and the evidence amply sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

Opinion delivered April 26, 1884.