## J. V. EDWARDS AND H. A. GEER v. THE STATE.

*No. 7227.     Decided April 22.*

1. **Theft—Bringing Stolen Property into This State.**—To constitute the crime of theft by bringing stolen property into this State from another State, Territory, or foreign country, it must be alleged and proved that by the law of the State, Territory, or

foreign country from which the property was taken and brought to this State the act committed would have been theft. It would be no offense under the laws of this State to bring stolen property into this State unless the offense of theft had been committed under the laws of the State, Territory, or foreign country from which the property was taken.

2. **Recognizance—Description of Offense.**—Bringing stolen property into this State, or theft of property in another State, Territory, or foreign country and bringing it into this State, is not an offense *eo nomine*. Where an offense is not one *eo nomine*, the recognizance must state the essential elements of the offense so that it will appear that a particular offense against the law is charged against the principal. In this case the recognizance is insufficient, because it does not state an essential element of the offense— that is, that by the law of the Indian Territory, the place where the horse is alleged to have been stolen, the taking was theft.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

This appeal is from a judgment final upon a forfeited recognizance entered into by Ed. Geer as principal, with appellants as his sureties. Appellants excepted to the sufficiency of the recognizance because it did not show that their principal was accused of an offense against the laws of this State, which exception was overruled, and judgment final was rendered upon said recognizance for the sum of $500 and costs. The opinion states the recognizance and the exceptions thereto.

*A. M. Thomason* and *C. B. Stuart*, for appellants.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This is an appeal from a judgment final on a forfeited recognizance. It is argued there is only one question to be determined, and that is whether the recognizance recites an offense against the law.

As set out in the recognizance, the condition is that the principal shall make his personal appearance before the District Court at the specific time named, "and there remain from day to day, and term to term, of said court, to answer the State of Texas upon a charge by indictment duly presented and pending in said court, wherein the said Ed. Geer is accused of the offense of theft of a horse in the Indian Territory, and afterward bringing the said horse into Cooke County, State of Texas."

To render a person guilty of bringing property into this State which was stolen by him in any foreign country, State, or Territory, it is expressly provided that it must appear that by the law of the State or Territory from which the property was taken and brought into this State the act committed would also have been theft. Penal Code, arts. 798, 799.

The law of the foreign country or State is an element of the offense and an issuable fact to be alleged in the indictment for this offense, and a fact essential to be proved, and it must be averred that the act was an offense under the laws of such foreign country or State.  Morales v. The State, 21 Texas, 298; Carmisales v. The State, 11 Texas Ct. App., 474; Cummins v. The State, 12 Texas Ct. App., 121; Fernandez v. The State, 25 Texas Ct. App., 538; Clark v. The State, 27 Texas Ct. App., 405.

It would be no offense under our statute to bring stolen property into this State unless the offense of theft had been committed under the laws of the country, State, or Territory from which the property was taken. To simply aver that the party "is accused of theft of a horse in the Indian Territory, and afterward bringing the said horse into the State of Texas," does not charge the offense denounced by our law.

It is true that if an offense is one *eo nomine*, then it is only necessary in the recognizance to recite it by its name, as "theft," etc.  Willson's Crim. Stats., sec. 2650.

Bringing stolen property into this State, "or theft of property in another State and bringing it into this State, is not *eo nomine* an offense. Where an offense is not one *eo nomine*, then the rule is well settled that the recognizance must state the essential elements of the offense, so that it will appear that a particular offense against the law is charged against the principal."  Willson's Crim. Stats., sec. 1791; Brown v. The State, 28 Texas Ct. App., 65; Cresap v. The State, Id., 529.

It is clear that the recognizance in this case states no specific offense against our law, and therefore it will not support any judgment of forfeiture.

The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.