### CHAS. SMITH v. THE STATE.

*No. 1214.   Decided March 24th, 1897.*

**1.   Robbery—Bringing the Stolen Property into Texas.**

Penal Code, Art. 952, provides, that in prosecutions in this State, for bringing stolen property into this State, it must appear that by the law of the foreign country, state or territory, from which the property was brought to this State, that the act committed was an offense of the same character in said foreign country, State or territory.   Held:   On a trial for robbery in the Chickasaw Nation, Indian Territory, and bringing the property so acquired into this State, that, unless the acts constitute robbery under the laws of the territory, it would be no offense to bring the property into this State, though the acts would constitute robbery if committed in Texas.

**2.   Same—Evidence.**

As to whether an act is robbery in a foreign country, State or territory, can only be shown by introducing the law of such foreign country, State or territory in evidence.

**3.   Same—Indictment—Law of Chickasaw Nation.**

The law of Arkansas, which is the law of robbery in the Chickasaw Nation, where the party prosecuted is a white man, defines "robbery" to be, "The felonious and violent taking of goods, etc., from the person of another by force or intimidation." Under this act, as at common law, to be sufficient, the indictment must allege, that the property was taken from "the person."   An allegation that it was taken from the "possession," is not sufficient.

APPEAL from the District Court of Grayson.  Tried below before Hon. DON A. BLISS.

Appeal from a conviction for bringing property acquired by robbery in the Chickasaw Nation, Indian Territory, into this State; penalty, twelve years' imprisonment in the penitentiary.

The charging part of the indictment is set out in the opinion.  There was a motion in arrest of judgment based upon the insufficiency of the indictment, which motion was overruled.

*Hazlewood & Smith,* for appellant.—The indictment in this case failing to allege facts that constitute robbery under the laws in force in the Chickasaw Nation is insufficient and appellant's motion in arrest of judgment should have been sustained.

Chapter 45, section 1599, laws of Arkansas provide, "robbery is the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of the intimidation is not material, further than it may show the intent of the offender."

Section 1600 provides for the punishment of robbery.

Section 1, on page 108, laws of the Chickasaw nation, provide, that if any person within the limits of said nation shall commit robbery or be accessory thereto, shall upon conviction be punished.

Appellant in a motion to arrest the judgment assailed the sufficiency of the indictment on the ground that "said indictment does not charge facts that constitute robbery under the laws in force in the Chickasaw Nation, Indian Territory."

The motion in arrest of judgment was overruled.

*Nat. P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.—It is the well settled law of this State that in a prosecution in this State growing out of an extra-territorial offense—robbery, embezzlement, theft, or receiving stolen property in another State, and bringing the same into this State—the acts and intents must constitute the crime charged under the laws of the State where committed.  State v. Morales, 21 Texas, 298; Art. 952, Penal Code of 1895.  And likewise the same offense under the laws of this State, and the accused must have brought the fruits of the crime—robbery, theft or receiving stolen property into this State.  McKenzie's case, 32 Tex. Crim. Rep., 568.

Under the Morales case, supra, the indictment must allege that the acts averred would constitute the crime charged under the laws of the foreign State or territory.  This much is alleged in this indictment, and likewise that the acts charged would constitute the crime in this State. The indictment charging, "by assault and violence, upon Mrs. R. F. Burdg, and by putting the said Mrs. R. F. Burdg in fear of life and bodily injury, fraudulently take from the possession," etc., sufficiently charges the offense of robbery under the laws of this State.

The Arkansas statute, obtaining in the Chickasaw Nation, defines robbery as the "felonious and violent taking," etc., from the person of another, by force or intimidation, "fraudulent" and "felonious" are not convertible or equivalent terms. Sloan v. State, 18 Tex. Crim. App., 225; overruling, Musquez v. State, 41 Texas, 226, and the line of decisions predicated thereon, on the point; Ware's case, 19 Tex. Crim. App., 13.

The Arkansas statute, which is substantially the common law, defines a felonious and not a fraudulent taking from the person, and not from the mere possession, as alleged in this indictment.

If to constitute robbery in the Chickasaw Nation the taking must have been felonious, and from the person, and not merely the possession then it would seem that the indictment, as charging robbery, under the Arkansas law, would be obnoxious to the objection urged in the motion in arrest of judgment, that it charges a fraudulent and not a felonious taking from the possession and not from the person of the injured person, provided the appellant's contention is tenable that the indictment must not merely charge that the "acts would constitute robbery under the laws of the Chickasaw Nation," and would likewise constitute robbery under the laws of this State, but must go further and charge the ingredients of the offense of robbery in the two jurisdictions —a manifest impossibility since the ingredients of robbery are, as we have seen, not the same in Texas and the Chickasaw Nation. The contention, however, is not tenable.

It is not essential that the indictment allege the constituent elements of the offense as defined by the law of the foreign State or territory. It is sufficient if it allege broadly that the acts committed in the foreign State or territory would constitute the crime of robbery, theft, embezzlement, as the case may be—in this instance robbery—under the laws of that State or territory. Cummins' case, 12 Tex. Crim. App., 121; Morales v. State, 21 Texas, 298; Carmisales v. State, 11 Tex. Crim. App., 474; Fernandez v. State, 25 Tex. Crim. App., 538; Clark v. State, 27 Tex. Crim. App., 405; Edwards v. State, 29 Tex. Crim. App., 452.

In Clark's case, supra, the identical question here raised was involved. The indictment set out the elements of the offense of theft under the law of the Indian Nation invoked, not a single element of which is common to the Texas statute defining theft. It charged, however, as does this indictment, that the acts named would constitute the offense of theft (robbery in this case) in the Indian Nation, and would constitute the same offense in this State, if committed here.

Another view: Sec. 1599 of Mansfield's Digest (laws of Arkansas) "is but an affirmance or adoption of the common law offense of robbery." Boles' case, 22 S. W. Rep., 887. The Arkansas laws obtain in the Chickasaw Nation.

"Indictment under Article 722 (of the Texas Penal Code) which substantially follows the common law precedents for the offense of robbery

will be sufficient." Trimble's case, 16 Tex. Crim. App., 115; Burns' case, 12 Tex. Crim. App., 269; Reardon's case, 4 Tex. Crim. App., 602.

If indictment under the common law is sufficient to charge robbery under our statute, is not an indictment under our statute sufficient to charge the offense under the common law?

"Felonious" at common law includes "fraudulent." According to counsel for appellant it has been held under the Arkansas statute that the allegation of the taking from the person may be met by proof that the property was taken in the presence of the person robbed. If so, then the taking would be from the possession and not the person, rendering the indictment good, as against this contention.

If proof of a taking in the presence of the person robbed, under an indictment charging a taking from the person is competent under the Arkansas law, as admitted by appellant, then the objection urged to the charge is not well taken.

Under a fair construction of the statute on cumulative punishments, they can and should be assessed as cumulative of punishments legally assessed by any other court of this State.

The judgment should be affirmed.

HURT, PRESIDING JUDGE.—Conviction for robbery in the Chickasaw Nation, Indian Ter., and bringing the property thus acquired into Grayson County, Texas. Motion was made to arrest the judgment, because the indictment upon which appellant was tried and convicted did not charge an offense against our code. The charging part of the indictment alleges that "Charles Smith, by assault and violence upon Mrs. R. F. Burdg, and by putting the said Mrs. R. F. Burdg in fear of life and bodily injury, did fraudulently take from the possession of Mrs. R. F. Burdg corporeal personal property of the said Mrs. R. F. Burdg," describing said property. It further alleges: "Which said act, by the laws then in force in the Chickasaw Nation, Indian Ter., was the offense of robbery." The definition of "robbery" under the Arkansas statute, in force in said nation (appellant being a white man, living in Grayson County, Texas), is as follows: "Robbery is the felonious and violent taking of any goods, money or other valuable thing, from the person of another, by force or intimidation. The amount of force or the mode of intimidation is not material, further than it may show the intent of the offender." The act of the nation relating to this offense is as follows: "It is enacted by the legislature of the Chickasaw Nation, that after the passage of this act, if any person or persons, within the limits of this nation, shall commit robbery, or be an accessory thereto, he shall upon conviction be sentenced, for the first offense, to thirty-nine lashes on the bare back, and return the property taken, or the value thereof, to the injured party, and by fine in the sum of not exceeding one hundred dollars, and imprisonment in the national jail with hard labor, not exceeding six months, at the discretion of the court." For the second

offense the punishment is greater, and for the third offense death shall be the penalty. The statute of this State upon this subject provides, in substance, that if the accused in any territory shall commit robbery, and shall bring the property acquired by the robbery into this State, he shall be punished as if the offense had been committed in this State. Penal Code, 1895, Art. 951. Article 952 provides that, to render a person guilty under the preceding articles, it must appear, under the law of the territory from which the property was taken, that the act committed would have been robbery. The indictment, as set out above, alleges the acts constituting the offense. It will be noted that the acts are set out in the indictment constituting the supposed robbery in the territory. It will also be noted that it is alleged that property was taken, not from the person, but from the possession, of Mrs. R. F Burdg. Now, unless these acts constitute robbery under the laws of the territory, it would be no offense to bring the property to this State, though the acts constitute robbery if committed in Texas. This proposition is settled by Art. 952, Penal Code. The law of Arkansas (which controls by act of congress, the accused being a white man) defines "robbery" as follows: "Robbery is the felonious and violent taking of any goods, money or other valuable thing, from the person of another, by force or intimidation." Under this act, to be sufficient, the indictment must allege that the property was taken from the person. An allegation that it was taken from the possession of the party would not be sufficient. The law of the territory does not define "robbery" at all. It provides that "if any person or persons, within the limits of this nation, shall commit robbery, or be an accessory thereto, he shall upon conviction be sentenced," etc. Now, we are not informed by this as to the elements of robbery, and we are not aware of the fact that it would be robbery under the law of the territory to take property from the possession of the party by violence, etc., as it would be in Texas. The burden is upon the State to make out its case. The State must show that the act charged to have been robbery was in fact robbery under the laws of the territory. This can only be shown by introducing the law in evidence. If the common law be in force in the nation, in regard to this matter, this should be shown. No conviction can be had legally, unless the act committed by the accused was robbery under the law of the territory, or under some law of the territory. We have held that, whether that law be an act of congress or the law of the territory, it would be sufficient. We have found that to constitute robbery under the law of Arkansas (which is in force as to American citizens, not Indians) the property must be taken from the person. This conviction cannot be sustained under that law. Now, if, under the law of the territory, robbery can be committed by taking property from the possession of another, the State must show it. If the common law is in force in the territory, this must appear. But concede the common law to be in force in the territory, the acts charged by this indictment claimed to be robbery do not constitute robbery at common law. The definition

of "robbery" at common law, given by Mr. Bishop, is: "Robbery is a larceny committed by violence from the person of one put in fear." See, 2 Bishop's Crim. Proc., Art. 1001. The form for an indictment for robbery is also given. That form requires an allegation that the property was taken from the person of another. We are of opinion that the motion in arrest of judgment was well taken, and the judgment is reversed, and the prosecution ordered dismissed

*Reversed and Ordered Dismissed.*