## ROSS KNIGHT v. THE STATE.

No. 12368. Delivered March 6, 1929.

The opinion states the case.

*Hill & Engledow* of Shamrock, for appellant.

On failure to change defensive issue, appellant cites: Johnson v. State, 208 S. W. 170; McClure v. State, 231 S. W. 774; Pate v. State, 239 S. W. 967; Cottrell v. State, 240 S. W. 313, and Hoyle v. State, 4 Tex. Crim. App. 239.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is bringing stolen property into this state; the punishment confinement in the penitentiary for two years.

Appellant was convicted on a count charging that he stole one head of cattle from Chester Fires in the state of Oklahoma and that he thereafter brought said head of cattle into Wheeler County, Texas. M. L. Mooney, an accomplice, testified, in substance, that he and appellant went into the state of Oklahoma where they stole a herd of cattle. Included in this herd, according to the testimony of Mooney, was one head of cattle belonging to Chester Fires. Mooney further testified that he and appellant drove the cattle from Oklahoma into the state of Texas. Appellant admitted that he went to Oklahoma with Mooney, but declared that he had nothing to do with stealing the cattle in question. He testified that Mooney told him that he wanted him to go to Oklahoma for the purpose of getting some cattle; that Mooney agreed to pay him for his services; that he did not know that it was Mooney's intention to steal the cattle; that he went with Mooney to Oklahoma but while there had nothing to do with rounding up cattle or taking them into possession; that after the cattle had been driven by Mooney and others to a point in Texas near the Texas-Oklahoma line, he, appellant, assisted Mooney in driving said cattle into Wheeler County, Texas. Appellant's testimony, if accepted by the jury, would have led to the conclusion that he was not connected with the original taking in such manner as to make him a principal.

Appellant's testimony raises two defensive issues. The first is that appellant was not connected with the original taking of the cattle in Oklahoma in such manner as to make him a principal. The second is that appellant was acting in the capacity of a hired hand and that he merely aided Mooney in driving the cattle from a point in Collingsworth County without knowing that said cattle had been stolen. The court affirmatively instructed the jury as to the second defensive matter, but refused to instruct the jury as to the first matter. Timely and proper exception was taken to the failure of the court to submit such instruction. To meet the allegations of the indictment it was incumbent on the state to prove beyond a reasonable doubt that appellant stole the cattle in the state of Oklahoma. The state having charged that appellant stole the cattle in Oklahoma, if appellant's connection with said cattle was subsequent to the theft thereof, he not having been connected with the original taking in Oklahoma in such manner as to make him a principal, he

was entitled to an acquittal. Hence appellant was entitled to the charge. McKnight v. State, 156 S. W. 1188.

It is contended that the accomplice Mooney is not corroborated as to the theft of the cattle in Oklahoma. In view of the fact that a reversal is ordered for the error above discussed, we pretermit a discussion of the question.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.