### Ross Knight v. The State.

No. 13442. Dismissed June 11, 1930.
Reinstated June 26, 1930.
Delivered October 15, 1930.
Reported in 31 S. W. (2d) 1082.

The opinion states the case.

*Hill & Engledow* of Shamrock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The transcript contains no caption, and we are unable to determine the date of the adjournment of the trial court. Hence the appeal must be dismissed. Yarborough v. State, 273 S. W. 842; Lowery v. State, 244 S. W. 147.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former day of the term because the transcript contained no caption. A sufficient caption having been properly supplied, the appeal is reinstated, and the case will stand for later consideration on its merits.

*Reinstated.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE.—This appeal was dismissed on June 11, 1930, because the transcript contained no caption. A sufficient caption having been supplied, the appeal was reinstated on June 26, 1930. The case will now be considered on its merits.

The indictment herein charged appellant simply with theft of cattle alleged to have been taken and appropriated in Collingsworth county, Texas. The proof showed that said cattle were taken in Oklahoma and thereafter brought into Texas; also that under the

laws of Oklahoma such taking in said state would be felony theft. The charge of the trial court told the jury to convict if they found beyond a reasonable doubt, (1) that appellant took said cattle in Oklahoma, (2) that he brought them into Texas, and (3) that such taking was felony theft under the laws of Oklahoma.

Appellant brings forward two propositions:—First, that the indictment does not describe the offense set out in Art. 1559, P. C.; second, that the testimony as to the laws of Oklahoma was improperly admitted. McKenzie v. State, 32 Texas Crim. Rep. 568, and State v. Morales, 21 Texas, 298, are cited in support of said propositions. It is insisted that to properly charge the offense defined by said Art. 1559, P. C., the indictment should have charged that appellant took the cattle in Oklahoma, that he brought same into Texas, and that under the law of Oklahoma such taking was felony theft. That this contention is in line with the holdings of both the Supreme Court and this court under the statutes as same were prior to 1895, is evident. See State v. Morales, 21 Texas, 298; Carmisales v. State, 11 Texas Ct. App. 474; Cummins v. State, 12 Texas Ct. App. 121; Cowell v. State, 16 Texas Ct. App. 57; Edwards v. State, 29 Texas Crim. Rep. 452; McKenzie v. State, 32 Texas Crim. Rep. 568. These opinions were all written prior to the passage of the 1895 amendment to this law, and at a time when there was nothing in the then Art. 798, now Art. 1559, P. C. in reference to the form of indictment for the offense therein set forth.

However, in 1895 said article was amended and a form for the indictment prescribed, said amendment being as follows:

"In cases herein mentioned the offense may be charged to have been committed in any county into or through which the property may be brought in the same manner as if the act constituting such offense had taken place wholly within this State."

The above is part of the statute now, and giving effect thereto we are constrained to hold that the indictment in the instant case charging the offense to have been wholly committed in Collingsworth county, Texas, was sufficient. The first article in Chapter two, Title 4, of our C. C. P., which chapter lays down rules regarding the venue of prosecutions throughout this State, provides as follows:

"Prosecutions for offenses committed wholly or in part without, and made punishable by law within this State, may be begun and carried on in any county in which the offender is found."

Art. 197, which is a part of said Chapter two, provides that where property is stolen in one county and carried by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried it. Art. 200 of the same chapter contains the same provision in regard to receiving and concealing stolen property. Art. 210, also a part of said chapter, provides as follows:

"In all cases mentioned in this chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on."

This court has many times construed the statutes last above referred to and has uniformly upheld indictments charging the offense to have been wholly committed in the county into which such property had been taken. Barnes v. State, 283 S. W. Rep. 506; Uhl v. State, 105 Texas Crim. Rep. 566; Barnes v. State, 104 Texas Crim. Rep. 438. See authorities cited in above cases. There seems to have been no case before this court since the 1895 amendment referred to raising the sufficiency of an indictment which merely charges the offense as being wholly committed in some county of this State, under facts similar to those appearing in the instant case. Cases may be found arising since said date in which indictments following the form in use prior to 1895 have been upheld. Gorrell v. State, 73 Texas Crim. Rep. 232; Zweig v. State, 74 Texas Crim. Rep. 306; Dunn v. State, 111 Texas Crim. Rep. 464; Knight v. State, 111 Texas Crim. Rep. 471; Barnes v. State, supra. The holding in these cases is manifestly correct as the indictment in each of same fully charged the elements of the offense as if same had been committed in Texas. We think the charge of the court correctly submitted the issues, and that appellant's complaint that the indictment did not sufficiently charge the offense made by the facts, is without merit. What was said by this court, speaking through its Presiding Judge, in passing upon the motion for rehearing in Elliott v. State, 255 S. W. Rep. 186, in apparent accord with the contention by appellant in this case, was not necessary to the decision in said Elliott case, and was said having in mind the earlier authorities referred to above, and without consideration of the fact that the legislature in 1895 amended Art. 1559, supra, and prescribed the form of indictment for the offense here involved. In so far as it expresses a contrary view to that here asserted, it will be overruled.

The State was permitted to prove by an attorney who practiced law in Oklahoma at the time of the alleged commission of the instant offense, that a certain book shown him was volume No. 1 of the statute laws of Oklahoma, which volume was published and used in Oklahoma as a part of its code of laws; that Art. 2113 of said volume, which is quoted in the statement of facts herein, made the stealing of any cow in Oklahoma punishable by confinement in the penitentiary. There was objection to this on the ground that the indictment did not allege that the act of appellant was in violation of the laws of Oklahoma, and therefore that such testimony was immaterial. We think the objection not well taken. Beard v. State, 47 Texas Crim. Rep. 183.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*