L. E. SHANKLE V. THE STATE.

No. 18012. Delivered March 11, 1936.

The opinion states the case.

*Jesse Owens,* of *Vernon,* for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for felony theft, punishment being assessed at six years in the penitentiary.

The count of the indictment under which conviction was had, omitting formal parts, reads as follows: "* * * that L. E. Shankle on or about the 1st day of November A. D. one thousand nine hundred and thirty four and before the presentment of this indictment, in the County of Wilbarger and State of Texas, did then and there unlawfully take from the possession of J. H. Wolfe approximately 8800 pounds of oats, exceeding in value the sum of $100.00 such oats being then and there the corporeal personal property of the said J. H. Wolfe, such taking being from his possession without his consent, with the intent to deprive him of the value thereof, and with the intent to appropriate the same to the use and benefit of him the said L. E. Shankle, such taking was in Tilman County, Okla., but said oats were transported into and sold in Wilbarger County, Texas."

It will be observed that nowhere in the indictment is it charged that the alleged stolen property was "fraudulently" taken, but the word "unlawfully" appears to be substituted therefor. Under our statutory definition of theft (Art. 1410 P. C.) it has been held that a "fraudulent" taking is indispensable, and that the indictment must so charge. The use of the word "unlawfully" in lieu of "fraudulently" has been condemned as insufficient. Phillips v. State, 89 Texas Crim Rep., 483, 231 S. W., 400; Newman v. State, 113 Texas Crim. Rep.,

517, 23 S. W. (2d) 367; Haney v. State, 117 Texas Crim Rep., 564, 37 S. W. (2d) 745; Watt v. State, 61 Texas Crim Rep., 662, 136 S. W., 56. Many other authorities are cited in the cases mentioned.

It is apparent from the record that the State was proceeding under Art. 1559 P. C. (1925) which makes it an offense to steal property in another state and bring it into this state. Appellant contends that under the circumstances mentioned it is necessary to allege in the indictment that the act committed in another state was an offense in such state, and for the omission of such averment the present indictment is bad. Appellant cites in support of his position Morales v. State, 21 Texas, 298; Cummins v. State, 12 Texas App., 121; Fernandez v. State, 25 Texas App., 538. These cases were decided long prior to 1895, in which year the Legislature amended the law under which those prosecutions were had. The amendment controlling is found in the latter part of present Art. 1559, and reads as follows:

"* * * In cases herein mentioned the offense may be charged to have been committed in any county into or through which the property may be brought in the same manner as if the act constituting such offense had taken place wholly within this state."

In the absence of the provision just quoted appellant's contention would be sound. Note was taken of the cases mentioned and others in Knight v. State, 116 Texas Crim. Rep., 648, 31 S. W. (2d) 1082, and the amendment referred to was held to now obviate the averments which had theretofore been held necessary.

Certain testimony went into the record over appellant's objection regarding his dealings with persons other than the alleged injured party in the instant case. On account of our disposition of the appeal we do not discuss the question, but observe that in the event of further prosecution the admission of the testimony referred to seems of quite doubtful propriety under the circumstances here developed.

Because of the defect in the indictment first mentioned, the judgment is reversed and the prosecution ordered dismissed under the present indictment.

*Judgment reversed and prosecution ordered dismissed.*