# CLYDE KORNEGAY v. THE STATE.

No. 20119.   Delivered February 8, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Lawrence Barber,* of Seagraves, and *Crenshaw & Dupree,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant contends that the indictment is insufficient to charge the offense for which he was convicted. The indictment, omitting the formal parts, reads as follows: "* * That Clyde Kornegay on or about the 12th day of July A. D. one thousand nine hundred and Thirty-five and before the presentment of this indictment, in the State of New Mexico, did then and there fraudulently take from the possession of G. F. Isaacs seven head of cattle, the same being the corporeal personal property of the said G. F. Isaacs, without the consent of the said G. F. Isaacs, and with the intent to deprive the said G. F. Isaacs of the value of the same, and to appropriate it to the use and benefit of him, the said Clyde Kornegay, which said acts, by the law of the said state of New Mexico then in force, was the offense of theft of cattle, and which acts, had the same been committed in the State of Texas, would, under the law of said state then in force, have been theft of cattle; and the said Clyde Kornegay afterward, to wit on or about the 12th day of July, 1935, did bring the aforesaid property into the said County of Gaines, State of Texas * * *."

This indictment was drawn under Art. 1559 P. C., which

makes one guilty of theft who steals property in another state and brings it into this State.

Art. 1560 P. C. reads as follows: "To render a person guilty under the preceding article it must appear that by the law of the foreign country, State or territory from which the property was taken and brought to this State the act committed would also have been swindling, robbery, embezzlement, theft or receiving stolen goods or property embezzled."

We deem the indictment sufficient. It follows the requisites of the offense described by the statutes. See Knight v. State, 31 S. W. (2d), 1082; Wilson v. State, 28 S. W. (2d), 804.

Appellant next contends that the evidence is insufficient to sustain his conviction in this: That it is not shown that appellant stole the cattle in the State of New Mexico and brought them to Gaines County, Texas. We are not impressed with the correctness of his contention. A careful review of the testimony leads us to a different conclusion.

The testimony shows that G. F. Isaacs and W. R. Bilbery, who were both residents in the same community in the State of New Mexico, both lost some cattle at the same time. Mr. Isaacs' cattle were Herefords and were branded "KY" on the left hip. Mr. Bilbery's were branded "∫ME" and also were marked. These cattle were taken from the possession of the parties mentioned about the middle of July, 1935, and were subsequently recovered in Gaines County, Texas.

Ray White testified that he was well acquainted with Clyde Kornegay, the appellant; that he had known him all his life. That he saw appellant in Hobbs, New Mexico, and heard him say: "I heard Mr. Isaacs is raising hell about a bunch of cattle having been stolen from him." That he, appellant expected they would accuse him of it. That it was "alright if he did steal them cattle from the old bastard." That he also said something about the cattle being over in Texas at Hoot Hart's. Mrs. W. D. Hart, wife of Hoot Hart, testified that in the summer of 1935, appellant came to her home and told her that he had left some cattle to be pastured in their pasture. That the cattle remained in the pasture until about October of said year when appellant traded them to Grady Best. That around July, 1937, the officers came out to her home and talked to her husband about the cattle. That after they had been there, appellant, accompanied by another party, came and brought a bill of sale to be fixed up; that the other party signed it as R. C. Holbert. Appellant left the bill of sale with her with the request that

she tell her husband, Mr. Hart, to fill it out and have a notary seal put on it. He also left two pieces of paper upon which he had drawn two brands, one being "KY" and the other "ʃME".

Grady Best testified that in August or September of 1935 he received twelve head of cattle from W. D. (Hoot) Hart. That to the best of his recollection five of these cattle were branded "KY" and one roan cow branded "ʃME". That a short time thereafter he sold the cattle to Johnnie Collett. That he saw the cattle about eighteen months later and recognized them.

Gus White, Sheriff of Dawson County, Texas, testified that in the year 1935, he purchased eight head of cattle from Johnnie Collett; that there were five head among the cattle which were branded "KY" on left hip. There were also some cattle in that group that were branded "ʃME". That these cattle at that time were in Gaines County, Texas.

Mr. Shannon, an Inspector for the New Mexico Cattle Sanitary Board, testified that he was well acquainted in and about Hobbs, New Mexico. That he did not know any person by the name of R. C. Holbert. That during the month of July, 1935, he saw appellant in Hobbs on several occasions. That he saw him in company with Hoot Hart at Hobbs. Mr. Isaacs, as well as Mr. Bilbery, identified the cattle found in the possession of White as the cattle that had been stolen from them in New Mexico. The blank bill of sale, which appellant left with Mrs. Hart, was introduced in evidence. The law of the State of New Mexico relative to the theft of cattle was likewise introduced. Appellant did not testify or offer any affirmative defense.

While there is no direct testimony that any one saw appellant actually take the cattle and bring them from New Mexico into Texas, we think there are sufficient circumstances proved from which the jury could reasonably draw such a conclusion. As a general rule theft of property is committed in a clandestine manner, and the evidence to establish the theft often depends upon circumstances. If the circumstances proved exclude every other reasonable hypothesis except the guilt of the accused, the requirements of the law are met.

The case of Walker v. State, 291 S. W. 228, cited by the appellant in support of his contention is not in point. In that case the alleged stolen property was not found in the exclusive possession of the accused, nor was it shown that he claimed or exercised any act of ownership over it. In the case under consideration, appellant brought cattle to the Hart pasture, which he later sold or traded to Mr. Best. Consequently, the

cattle were shown to have been in his possession and it was shown that he claimed them. He also sought to have a bill of sale fixed up, which, if prepared according to his instructions, would have shown that he purchased the cattle from Holbert.

By bill of exception number one, appellant complains because the state was permitted to prove that about the same time that the cattle in question were stolen from Isaacs, there were also some cattle stolen from Bilbery; that these cattle were also sold in Gaines County at the same time to Mr. Best. Appellant objected thereto on the ground that such was immaterial, irrelevant, prejudicial and established an extraneous offense.

Ordinarily, proof of other and distinct offenses than the one for which an accused is on trial is not admissible, but there are exceptions to that rule and it seems to us that the evidence in question comes within one of the exceptions. The testimony shows that Isaac's cattle and Bilbery's cattle were stolen in the same vicinity and at about the same time. Appellant was shown to have been in possession of the cattle recently stolen from said parties. The state sought to establish its' case against appellant by circumstantial evidence. It would seem to be rather a singular coincidence that the cattle of both parties were stolen about the same time in another state and subsequently found in the possession of the appellant at the same time and place in this State, unless appellant was connected with the theft and transportation of the cattle into Texas. Furthermore, after the officers had started to make an investigation of the offense charged, appellant sought to have a bill of sale prepared to embrace the brands of both herds of the stolen cattle. This, it occurs to us, was a criminative circumstance tending to connect the appellant with the commission of the offense charged.

In cases where the proof of the commission of the alleged offense and the accused's connection therewith depends upon circumstantial evidence, greater latitude is allowed in the admission of circumstances tending to connect the accused with the alleged offense than would otherwise be the case. However, we do not wish to be understood as holding that the testimony complained of is admissible merely because this case rests upon circumstantial evidence. See Thornton v. State, 80 Tex. Crim. Rep., 64. In the case of Satterwhite v. State, 6 Tex. Crim. Rep., 609 (612), this court, speaking through Judge White, said:

"Evidence of independent crimes is admissible 'when it is necessary to establish identity in developing the res gestae, or in making out the guilt of the defendant by a chain of circum-

stances connected with the crime for which he is on trial.' " See, also, Webb v. State, 8 Tex. Crim. Rep. 115; Sumner v. State, 112 S. W. (2d) 453.

Appellant addressed a great number of objections to the court's charge. His main objection is leveled at paragraph number seven which reads as follows: "Bearing in mind the foregoing instructions you are charged that, if you believe from the evidence in this case beyond a reasonable doubt, that the defendant, Clyde Kornegay on or about the 12th day of July, 1935, in the State of New Mexico, did then and there fraudulently take from the possession of G. F. Isaacs one or more head of cattle, the same being the corporeal personal property of the said G. F. Isaacs, without the consent of the said G. F. Isaacs, and with the intent to deprive the said G. F. Isaacs of the value of the same and to appropriate it to the use and benefit of him, the said Clyde Kornegay, and you further find beyond a reasonable doubt that the said Clyde Kornegay afterwards, to-wit: on or about the 12th day of July, 1935, did bring the aforesaid property into the said County of Gaines, State of Texas, you will find him guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than four years. If you do not so find, or, if you have a reasonable doubt thereof, you will acquit the defendant, Clyde Kornegay, and say by your verdict "Not Guilty."

It seems that to constitute the offense charged under Art. 1559 P. C., the constituent elements are: (1) Acts that would constitute theft under the laws of the state where the property is stolen or taken; and (2) such acts must be shown to constitute theft under the laws of this State. See Fernandez v. State, 8 S. W., 667; Clark v. State, 11 S. W., 374; West v. State, 11 S. W., 482; Smith v. State, 39 S. W., 933.

The court, in the instant case, instructed the jury as a matter of law that it was a felony under the laws of the State of New Mexico and the laws of this state to commit theft of cattle. The court instructed the jury as to what constituted theft under the law of this state and then applied the law to the facts of the case. Under the New Mexico Statutes, which were introduced in evidence, it does not require anything more than facts showing an unlawful taking to constitute the offense of theft, while in Texas there must be a fraudulent taking, etc. The court by its charge having placed upon the state a more onerous burden than the laws of New Mexico would require, appellant has no just grounds of complaint. All facts

necessary to be shown in order to constitute theft under the New Mexico law are required to be shown under the laws of this state. Hence, no injury such as would require a reversal under Art. 666 C. C. P. resulted to appellant from the court's charge.

All other matters complained of by appellant have been examined by us and are found to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's complaint in his motion resolves itself finally into the proposition that the trial court erred in failing to heed his objection to the court's charge in that the court in his charge allowed the jury to convict the appellant upon the mere fact of his guilt in the unlawful taking of the cattle in New Mexico from the original owners, and that he failed to further require in such charge that the jury must further believe that appellant, after such unlawful taking, brought said cattle into Gaines County, Texas. In answer to this contention we quote paragraph seven of the court's charge:

"Bearing in mind the foregoing instructions you are charged that, if you believe from the evidence in this case beyond a reasonable doubt, that the defendant, Clyde Kornegay on or about the 12th day of July, 1935, in the State of New Mexico, did then and there fraudulently take from the possession of G. F. Isaacs one or more head of cattle, the same being the corporeal personal property of the said G. F. Isaacs, without the consent of the said G. F. Isaacs, and with the intent to deprive the said G. F. Isaacs of the value of the same and to appropriate it to the use and benefit of him, the said Clyde Kornegay, and you further find beyond a reasonable doubt that the said Clyde Kornegay afterwards, to-wit: on or about the 12th day of July, 1935, did bring the aforesaid property into the said County of Gaines, State of Texas, you will find him guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than four years. If you do not so find, or, if you have a reasonable doubt thereof, you will acquit the defendant, Clyde Kornegay, and say by your verdict 'Not guilty'."

We are impressed with the correctness of our views expressed in the original opinion, and the motion is overruled.