PEDRO MEDINA GARCIA v. THE STATE.

No. 23876. Delivered January 21, 1948.

GRAVES, Judge, dissenting.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The record reflects that appellant and a companion engaged Raul Rodriguez to carry them from Villa Acuna, Mexico, to Del Rio in the County of Val Verde, Texas; that at the time he was so engaged by appellant and his companion, he, the said Raul Rodriguez, had a billfold in his pocket which contained forty-five dollars current money of the U. S. A. besides two hundred twenty-five dollars in Mexican money. During the trip from Villa Acuna to Del Rio, appellant occupied a seat beside Rodriquez and appellant's companion occupied the rear seat of the conveyance. After they had stopped at one or two places, they went to a cafe owned and operated by Guadalupe Hernandez where Rodriguez ordered a cup of coffee. When he reached for his billfold to pay for the coffee, it was missing. He then went back to Villa Acuna looking for it but being unable to find it, returned to Del Rio and reported the matter to the police. In the meantime, appellant had left a billfold with Dona Lupe and requested her to take care of it for him. This billfold was recovered by the police from Dona Lupe in Del Rio, Texas, and was identified by Raul Rodriguez.

The State proceeded to prosecute appellant under Art. 1559, P. C., which in substance provides as follows: "If any person having committed an offense in any foreign country, State or territory, which if committed in this State would have been * * * theft, * * * shall bring into this State any property so acquired * * * shall be deemed guilty of * * * theft * * *, and shall be punished as if the offense had been committed in this State. In cases herein mentioned the offense may be charged to have been committed in any country into or through which the property may be brought in the same manner as if the act constituting such offense had taken place wholly within this State." Under the article of the statute, it is permissible to charge that the offense was committed within the country into or through which the stolen property was brought. In support of the doctrine announced, we refer to the case of Knight v. State, 116 Tex. Cr. R. 648 (31 S. W. (2d) 1082), where the question of the sufficiency of the indictment has been fully discussed.

However, Art. 1560, P. C., provides, "To render a person guilty under the preceding article it must appear that by the law of the foreign country, State or territory from which the

property was taken and brought to this State the act committed would also have been * * * theft, * * *". In the instant case the injured party did not know whether his billfold was fradulently taken from his possession in Mexico or in Val Verde County, Texas. If it was taken from his possession in Mexico, then under Art. 1560, P. C., it devolved upon the state to prove that the taking of the billfold constituted theft under the laws of Mexico. This the State failed to do. If the injured party did not know when or where the property was taken from his possession, then how could the court or jury know that it was taken in Val Verde County, Texas? In the absence of some proof by the State from which the jury could legitimately draw the conclusion that the theft was committed in Val Verde County, the judgment conviction would not be authorized.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.

GRAVES, Judge (dissenting).

Venue must be established by proof, and circumstantial evidence can be used therefor; it need not be proved beyond a reasonable doubt; it is sufficient if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged. See 41 Tex. Jur. p. 105, sec. 66; also Himmelfarb v. State, 76 Tex. Cr. R. 173, 174 S. W. 586, and cases cited.

Proof that the accused is found in possession of stolen propperty in a county is sufficient upon which to base a finding that he brought the same into the county. See Lyons v. State, 34 S. W. 947.

In the instant case, appellant took the witness stand and merely testified in support of his plea for a suspended sentence. Nowhere therein was any suggestion made that this offense took place in the Republic of Mexico, or in Texas, by him. It appears from the facts here presented that the person who lost the money picked appellant up in his car in Villa Acuna in the red-light district, and testified:

"From the red-light district we came to Del Rio. We did not go to any other place in Villa Acuna. We came directly from the red-light district, where I picked the defendant up and this other boy to the International Bridge, and I just paid the bridge fare and came on. I did not see this defendant pick up my

pocket-book, but I do not know where it came out by itself. * * * I do not know whether it came out of my pocket in Del Rio or Villa Acuna. The first time I missed it was at the bus station at Dona Lupe's (in Texas)."

This point was in Val Verde, Texas, where he discovered the loss of his money. He and appellant, who was sitting by his side, had driven to two or three places in Del Rio prior to his having discovered the loss of his money. Unquestionably appellant had the billfold and left the same with Dona Lupe, and it seems but natural to say that he did not know at the time of the discovery of the loss, that appellant had the same. The loser went back over his route, thinking probably that he had lost or misplaced the billfold, either in Texas or Mexico. He found it in Texas, virtually in appellant's undenied possession.

I think this testimony relative to venue sufficient to show the offense to have taken place in Texas. Therefore, I dissent from the opinion of my brethren.