THOMASSON et al. v. STATE.

No. 15544.

Court of Civil Appeals of Texas.

Fort Worth.

May 14, 1954.

On the Merits June 25, 1954.

Rehearing Denied July 9, 1954.

Davenport & Anderson, and John Davenport, Wichita Falls, for appellant, Thomas Charles Thomasson.

James T. Montgomery, Wichita Falls, for appellant, Raymond Eaton.

Jimmy Castledine, Wichita Falls, for appellee.

## PER CURIAM.

On March 9, 1954, the District Court of Wichita County adjudged Thomas Charles Thomasson and Raymond Eaton to be delinquent children and committed them to the State Training School.

The appellants have filed an application in this court requesting us to set a reasonable supersedeas bond in order that they may be released pending appeal.

Under provisions of the juvenile statute, Article 2338–1, Sec. 21, R.C.S., an appeal shall not suspend the order of the Juvenile Court unless that Court shall so order. The same section of the statute provides, however, that the appellate court may provide for a recognizance bond. Rule 364(f), T.R.C.P., provides: "Where the judgment is one involving the care or custody of a child, the appeal, with or without a supersedeas bond, shall not have the effect of suspending the judgment as to the care or custody of the child, unless it shall be so ordered by the court entering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded."

Proceedings under the juvenile statute are civil, not criminal, in their nature. Article 2338–1, Sec. 13(3); Steed v. State, 143 Tex. 82, 183 S.W.2d 458.

The provisions thus made for bond in case of an appeal do not authorize the filing of a supersedeas bond as a matter of right but, to the contrary, contemplate the exercise of discretion by both the trial and the appellate courts. Espinosa v. Price, 144 Tex. 121, 188 S.W.2d 576, 160 A.L.R. 284.

The trial court heard the evidence and observed the demeanor of the boys involved. He was in better position than this court to determine whether it was for the best interest of the boys that they remain in custody rather than be released pending the appeal. In the absence of a clear showing of abuse of discretion on the part of the trial judge in ordering the appellants

confined, we would not be warranted in ordering them released.

Moreover, the record does not show that any request has been made to the trial judge to release the appellants on bond or otherwise. The statutes under consideration vest in the trial court, and cumulatively in the appellate courts, the discretion of allowing a defendant to be released on bond pending an appeal. Espinosa v. Price, supra.

We feel that we should not exercise our discretion to order the appellants released when no effort has been made to obtain the same relief from the trial judge, who is familiar with all the facts and circumstances.

The application to set bond is denied.

### On the Merits.

BOYD, Justice.

Appellants Thomas Charles Thomasson and Raymond Eaton were adjudged to be delinquent children and were by the court committed to the care, control and custody of the State Training School for Boys at Gatesville, until they attained the age of twenty-one years, respectively, or until further ordered by the court. Separate proceedings were filed against appellants, but the causes were consolidated by agreement.

The petitions filed by the State alleged that each of the appellants took "One Hundred ($100.00) Dollars in money and a 38 cal. pistol from Hubert Yarbrough in West Memphis, Arkansas, and said taking was by violence and force against the peace and dignity of the State of Arkansas;" that they brought said property into Wichita County, Texas, "which therefore had been acquired by robbery in the State of Arkansas;" and that each appellant is a delinquent child "by the reason of the fact that he has committed an offense against the State of Texas of the grade of felony."

Article 2338–1, Sec. 3, R.C.S., provides: "* * * The term 'delinquent' child' means * * * any male person over the age of ten (10) years and under the age of seventeen (17) years: (a) who violates any penal law of this state of the grade of felony; * * *."

Article 1559 of the Penal Code is as follows: "If any person having committed an offense in any foreign country, State or territory, which if committed in this State would have been swindling, robbery, theft, embezzlement or receiving of stolen property, knowing the same to have been stolen, or fraudulently receiving or concealing property acquired by another by embezzlement, knowing the same to have been so acquired by another, shall bring into this State any property so acquired or received he shall be deemed guilty of swindling, robbery, theft, embezzlement, or receiving of goods or property stolen or embezzled, and shall be punished as if the offense had been committed in this State. In cases herein mentioned the offense may be charged to have been committed in any county into or through which the property may be brought in the same manner as if the act constituting such offense had taken place wholly within this State."

Article 1560 of the Penal Code is as follows: "To render a person guilty under the preceding article it must appear that by the law of the foreign country, State or territory from which the property was taken and brought to this State the act committed would also have been swindling, robbery, embezzlement, theft or receiving stolen goods or property embezzled."

There is no brief on file for appellee, The State of Texas.

Appellants have filed separate briefs, but their points of error are essentially the same. They contend that the petitions are insufficient in that it is not alleged that the acts charged to appellants constituted the offense of robbery in the State of Arkansas, and that the evidence is insufficient to support the judgment, because it was not proved that under the law of Arkansas the acquisition of the property constituted robbery. Their propositions are that in order to sustain the charge that appellants are delinquent children, it is necessary both to

allege and prove that the acts complained of constituted the offense of robbery in our sister state.

We think the petitions must be construed to allege that appellants are delinquent children because they committed an offense of the grade of felony against the State of Texas by bringing into this state property which they had "acquired by robbery in the State of Arkansas" by taking it from Hubert Yarbrough "by violence and force against the peace and dignity of the State of Arkansas." Whether that is a sufficient allegation of the laws of Arkansas we do not decide. Since the 1895 amendment of Article 1559, adding this sentence, "In cases herein mentioned the offense may be charged to have been committed in any county into or through which the property may be brought in the same manner as if the act constituting such offense had taken place wholly within this State", it has been uniformly held, we think, that the laws of the foreign state need not be pleaded. Knight v. State, 116 Tex.Cr.R. 648, 31 S.W. 2d 1082; Shankle v. State, 130 Tex.Cr.R. 45, 91 S.W.2d 1072; Garcia v. State, 151 Tex.Cr.R. 272, 207 S.W.2d 624.

 We have found no authority, however, holding that the necessity of proving the laws of the foreign state has been dispensed with. The gravamen of the offense denounced by Article 1559 is bringing into this state property obtained in another state in such manner as that its acquisition constituted, in the state where it was obtained, one of the crimes mentioned in the Article, and would have constituted that offense in Texas had the acts been committed here. In the instant case, it was necessary to show that the acquisition of the property constituted the offense of robbery under the laws of Arkansas. It is not sufficient that the acts there committed would have, if committed in Texas, amounted to robbery under the laws of our state. That is indeed a requisite, but not the only one. If the acts would constitute robbery in Arkansas, but would not constitute robbery in Texas if performed here, the Article would not have been violated. Neither would the Article have been violated if the acts would have constituted robbery if committed in Texas and would not constitute robbery when committed in Arkansas. If, from a consideration of Article 1559, there could arise any question on the point, Article 1560 sets it at rest. It follows that appellants could not, under the allegations of the petitions, be properly adjudged delinquent unless the property they are accused of bringing into Texas was obtained by the commission of the crime of robbery under the laws of Arkansas. State v. Morales, 21 Tex. 298; Fernandez v. State, 25 Tex.App. 538, 8 S.W. 667; Edwards v. State, 29 Tex.App. 452, 16 S.W. 98; Smith v. State, Tex.Cr.R. 342, 39 S.W. 933; Kornegay v. State, 136 Tex.Cr.R. 419, 125 S.W. 2d 599; Garcia v. State, supra; McKenzie v. State, 32 Tex.Cr.R. 568, 25 S.W. 426. We do not overlook the fact that this is a civil case. Its essential elements need not be established beyond a reasonable doubt. But all of them must be established by some evidence having probative force.

There was no evidence that the laws of Arkansas denounced as robbery the acquisition of property obtained in the manner described in the petitions.

The matters presented by other points are not likely to arise on another trial.

The request that a supersedeas bond be set pending the submission of the cause is moot.

For the reason indicated, the judgment is reversed and the cause remanded.