William H. Bowen and wife v. B. R. Davis & Bro.

1. CONSTITUTIONAL LAW—VERDICT.—Section 13 of article 5 of the Constitution of 1876, taking effect April 18, 1876, providing, that "in trials of civil and criminal cases, below the grade of felony, in the District Courts, nine members of the jury concurring may render a verdict," presents a rule to take immediate effect as the organic law of the State.
2. SAME.—The power given in the Constitution to the Legislature, in regard to it, was to change or modify the rule as established by it.
3. SAME.—Until the passage of the act, August 1, 1876, "to regulate grand juries, and juries in civil and criminal cases, in the courts of this State," restoring the old rule, a verdict, nine jurors concurring, was valid.

ERROR from Anderson. Tried below before the Hon. R. S. Walker.

This was a suit by Davis & Bro. against W. H. Bowen, upon three promissory notes, and to foreclose a mortgage upon a lot in the town of Palestine. Selie E. Bowen, wife of defendant, intervened, claiming the lot as part of the homestead. Judgment for the amount of the notes and for foreclosure of the mortgage was rendered, upon a verdict rendered June 28, 1876, by ten of the twelve jurors impaneled to try the case.

Bowen and wife sued out a writ of error, assigning as error the insufficiency of the verdict.

*T. T. Gammage*, for plaintiffs in error.

Moore, Associate Justice.—Though a number of grounds for a reversal of the judgment in this case are suggested in the assignment of errors, the only one upon which plaintiffs' counsel insists is, in effect, that there is no valid or legal verdict in support of the judgment; but, on the contrary, the supposed verdict upon which the judgment was rendered is invalid, because it appears from the record that a jury of twelve men were impaneled to try the cause, and that none

of them are shown to have died, or have been disabled from sitting, yet only ten of the jury concurred in said verdict.

In support of this objection to the judgment, we are cited, by counsel, to the nineteenth section of the act " to regulate grand juries, and juries in civil and criminal cases, in the courts of this State," approved August 1, 1876. By this statute, the Legislature has unquestionably changed or modified the rule prescribed in section 13, article 5, of the Constitution, authorizing a verdict in civil causes, and in criminal cases below the grade of felony, in the District Court, on the concurrence of nine of the jurors. But as this statute did not become a law until more than a month after the verdict and judgment in the court below, we do not perceive how it could be supposed to affect this verdict; and counsel have not attempted to show it can do so. From his brief, we infer that he overlooked the fact that the case was tried in the District Court prior to the passage of the law to which he refers, or that he supposed the constitutional provision authorizing a verdict in the cases therein referred to, on the concurrence of nine jurors, required legislative action to give it effect. But the Constitution itself plainly forbids our giving it such a construction. Its language is clear. It presents, in unequivocal and positive terms, a rule, to take immediate effect with its own existence, as the organic law of the State. The only power committed to the Legislature in regard to it, was not to enact a rule authorized by the Constitution, but to change or modify one established by it, if it should not prove acceptable to the people.

We can see nothing in the record, which contains neither a bill of exception nor a statement of facts, to induce the belief that any injustice was done the plaintiffs in error by either of the other rulings of the court to which the other assignments refer, nor any sufficient reason for making special comment upon them.

There being no error in the judgment, it is affirmed.

AFFIRMED.