### EX PARTE WILLIAM OSBORNE.

No. 17261. Delivered October 17, 1934.
Reported in 75 S. W. (2d) 265.

The opinion states the case.

*Robert R. Mullen, Jr.,* of Alice, and *Goodhue Weatherly,* of Falfurrias, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Relator was tried and convicted in the Juvenile Court of Brooks County, Texas, as a delinquent child upon a complaint and information charging him with the offense of unlawfully carrying a pistol, and ordered confined in the State Juvenile Training School for boys at Gatesville, Texas, to an indeterminate period not to exceed beyond the time when he shall become twenty-one years of age. Relator excepted to the judgment and gave notice of appeal to the Court of Criminal Appeals of Texas. His bond was fixed at the sum of $3000 pending his appeal. The record discloses that relator's father endeavored to make the bond but was unable to do so because it was too high. Relator then sued out a writ of habeas corpus before the County Judge of Brooks County, Texas, seeking a reduction of the amount of bail. Upon a hearing of said cause, the court declined to reduce the amount of said bail bond, to which action of the court relator again excepted and gave notice of appeal to the Court of Criminal Appeals of Texas.

Section 11, art. 1 of the Constitution of this State provides as follows: "All prisoners shall be bailable by sufficient sureties unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." Section 13 of said article of the Constitution reads as follows: "Excessive bail shall not be required, nor excessive fines imposed," etc. The offense of

which the relator was convicted is but an ordinary misdemeanor and under the law he was entitled to be released upon a reasonable amount of bail. We are of the opinion that the amount of bail required by the trial court was excessive and should have been reduced commensurate to the offense of which he was convicted.

The judgment of the trial court is here reformed and the relator is remanded to the custody of the sheriff until he shall have given a bond in the sum of $500 conditioned and approved as prescribed by law.

*Reformed, With Directions.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.