EX PARTE LOUIS ESPINOSA ET AL.

No. A-615. Decided June 27, 1945.
Rehearing overruled July 21, 1945.
(188 S. W., 2d Series, 576.)

*Frank O. Ray* and *J. C. Epperson,* both of Alpine, for petitioners.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

The relators were found to be delinquent children by the District Court of Brewster County, Texas, 83d Judicial District, in proceedings brought under the provisions of Article 2338, Revised Statutes, as amended by an Act of the 48th Legislature, approved May 1, 1943, and were ordered committed to the State Home for Boys at Gatesville, Texas, for terms of eighteen months in the case of one and twelve motnhs in the case of each of the others. From this order the defendants are prosecuting appeals to the El Paso Court of Civil Appeals, and have unsuccessfully petitioned both the district judge and the Court of Civil Appeals, praying that they be released on bond pending the disposition of the appeals. They now apply here for a writ of habeas corpus, insisting that a denial of bond under the circumstances amounted to a deprivation of rights guaranteed under the State and Federal constitutions. Alternatively, they move for the issuance of a writ of mandamus compelling the allowance of bond.

The Act under which relators were adjudged delinquent children and ordered committed was held constitutional in Dendy v. Wilson, 142 Texas 460, 179 S. W. (2d) 269, 151 A. L. R. 1217, and subsequently in Steed v. State, 143 Texas 82, 183 S. W. (2d) 458, it was held that the proceedings under this enactment were not criminal but civil in their nature. The Act itself (Art. 2338, Sec. 13(3), Revised Statutes as Amended) provides that: "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court."

■ It thus appears that constitutional and statutory provisions as to bail in criminal cases are inapplicable, this being strictly a civil proceeding. Rather must we look to the Rules of Civil Procedure to determine whether the relators are entitled as a matter of right to be freed under supersedeas bonds pending their appeals. Rule 364, Texas Rules of Civil Procedure; brings forward the former statutes (Arts. 2270, 2271) relating to these bonds. Neither the rule nor the statutes which were covered into it make provision for excepting certain situations where judgment may not be superseded. But the decisions before the adoption of the rule had uniformly held that where the Legislature makes provision for all cases generally and also enacts a special statute governing a special class of cases, the special statute

must prevail over the general act in the field where the special act is operative. Hallum v. Texas Liquor Control Board (Dallas Court of Civil Appeals), 166 S. W. (2d) 175 (writ refused), and cases there cited. The Legislature is undoubtedly authorized to define exceptional situations where the allowance of supersedeas bonds is within the discretion of the courts rather than a matter of right.

The language treating the matter of bond in Delinquent Child proceedings is quoted from Section 21 of Article 2338, supra, as follows:

"An appeal, in the case of a child, shall not suspend the order of the Juvenile Court, nor shall it discharge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless that court shall so order. However, the appellate court may provide for a recognizance bond."

The provisions thus made for bond in case of an appeal manifestly do not authorize the filing of a supersedeas bond as a matter of right but to the contrary, contemplate the exercise of discretion by both the trial and the appellate courts. The relators allege that both the trial court and the Court of Civil Appeals have resolved this discretion against the allowance of such a bond, and have concluded that the relators ought not be released pending appeal. They do not suggest that the discretion so exercised was abused, but advance the contention, in effect, that relators have a constitutional right to give bail pending appeal, and that this right is infringed by the statute making the allowance of bail in such cases a discretionary matter. They allege that the actions and conduct of which they complain "transgress the provisions of the Bill of Rights and the Constitutions of the State of Texas and the United States in that such actions and conduct * * * constitute the denial of recognizance and bond to said juveniles, and * * * a deprival of the liberty of said minor boys without due process of law."

Section 11 of Article I of the Texas Constitution read as follows:

"Sec. 11. All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident * * *."

It will be readily observed that the language employed in the Constitution has reference to criminal offenses and was not designed to apply in civil matters. Since relators have been ad-

judged delinquent children and ordered restrained in a civil and not a criminal proceeding, we are obliged here to apply rules of civil procedure rather than rules governing the conduct of criminal cases. Accordingly, the quoted provision of the State Constitution is not offended by the statute under consideration nor by the action of the trial and appellate courts in exercising their discretion against releasing the relators on bail pending appeal.

Nor are we able to perceive any reason why the statute under which relators were tried offends against the requirements of due process or against any other rights guaranteed under the State or Federal constitutions. As has been observed, the legislation under which the relators were tried has been judicially appraised and declared constitutional. Dendy v. Wilson, supra. Proceedings brought under the enactment have been classified as civil and not criminal. Steed v. State, supra. This legislation vests in the trial court, and cumulatively in the appelate court, the discretion of allowing a defendant to be released on bond pending an appeal provided the trial or the appellate court, as the case may be, deems it wise to permit the supersedeas öf a judgment from which an appeal is being taken. We conclude the vesting of this discretion in these tribunals in no sense transgresses the rights vouchsafed to citizens under the State and the Federal constitutions. And unless it appears that the discretion so vested has been abused, we would not be warranted in interfering with its orderly exercise.

It will be observed that prior to the 1943 amendment (Art. 2338, Revised Statutes as Amended), the Court of Criminal Appeals had held that one convicted ás a delinquent child under the then existing statute was entitled to be released upon reasonable bail pending appeal. Ex parte Osborne, 127 Texas Crim. Rep. 453, 75 S. W. (2d) 265. The conviction in the Osborne case, however, was had in a criminal proceeding, the relator having been adjudged a delinquent child under the provisions of Article 1083, Title 16, Code of Criminal Procedure. If Title 16 of the Code of Criminal Procedure, entitled "Delinquent Child," was not entirely superceded by the provisions of the 1943 Act (Art. 2338, Revised as Amended), a question not presently before us, still the proceedings of which relators now complain were not brought under these criminal statues but under the 1943 Amendment, which, as we have been at pains to observe, is purely civil in its nature. The provisions of Title 16 of the Code of Criminal Procedure allowed an appeal to the Court of Criminal Appeals in event a defendant was adjudged a delinquent child. In such a

situation the appeal in Ex parte Osborne, supra, arose. Title 16 was silent as to whether bail should be allowed pending appeal and the Court of Criminal Appeals, construing the legislation as it would other criminal statutes, held the offense of which relator was convicted was but an ordinary misdemeanor, and that he was entitled to be released upon reasonable bail. Obviously, the Osborne case has no application here where the appeal and the order from which it is taken arose on the civil side of the docket.

We conclude under the record before us that the courts below were unwarranted in declining to permit the relators to be released upon bond pending appeal. Accordingly, the application for a writ of habeas corpus is denied and the motion for leave to file an application for a writ of mandamus is overruled.

Opinion delivered June 27, 1945.

Rehearing overruled July 21, 1945.