# THE STATE OF TEXAS V. THOMAS CHARLES THOMASSON AND RAYMOND EATON

No. A-4881. Decided February 16, 1955.
(275 S.W. 2d Series 463)

*Jimmy Castledine,* of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in holding that the petitioner must prove the law of a foreign state in a civil case. Ellis v. Emil Blum Co., 242 S.W. 1101; Nevill v. Gulf, C. & S. F. Ry. Co., 244 S.W. 980; Webb v. Reynolds, 207 S.W. 914.

*James T. Montgomery, Davenport & Anderson,* of Wichita Falls, for respondents.

In rebuttal cited Texas v. Morales, 21 Texas 298; Kornegay v. State, 125 S.W. 2d 599; Caldwell v. Tucker, 246 S.W. 2d 923.

MR. JUSTICE CULVER delivered the opinion of the Court.

Under the provisions of Art. 2338-1, Vernon'n Ann. Civ. Stat., the two respondents were adjudged to be delinquent children and committed to the State Training School.

It was proved that these two boys in the State of Arkansas had by violence robbed a citizen of that state of $100.00 in money and a 38-caliber pistol and had brought the stolen property into the County of Wichita, Texas.

■ The Court of Civil Appeals reversed and remanded the cause,[1] for the reason that it has not been proven that the act

of robbery was an offense against the law of Arkansas and thus the proof failed to show that the transportation of the property into the State of Texas constituted a violation of the penal laws of this state. Art. 1559-1560 Penal Code. All of the decisions cited and relied on in support of this holding are those of the Court of Criminal Appeals of this state and undoubtedly state the law in criminal cases. This is a civil case and in our opinion the cited authorities have no application.

■ The Juvenile Court Act, Art. 2338, provides that it shall be liberally construed to accomplish the purpose in view. The purpose of the Act is stated to be "to secure for each child in its jurisdiction such care, guidance and control * * * as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents." The purpose is not to convict and punish but to guide and direct.

1.—269 S.W. 2d 956.

By this action it is not sought to convict these children of the commission of a crime measured by Texas standards to be a felony, but to adjudge them to be delinquent in that they have committed such an offense.

Section 21 of the above article provides:

"An appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases. * * *."

As said in Santillian v. State, 147 Texas Crim. Rep. 554, 182 S.W. 2d 812, 159 A.L.R. 1098, the purpose of the article was to transfer the jurisdiction over delinquent children from criminal courts to civil courts and to change the method of handling delinquent children from criminal to civil procedure.

■ This being a civil case the Rules of Civil Procedure apply. In Re Dendy, Texas Civ. App., 175 S.W. 2d 297, affirmed 142 Texas 460, 179 S.W. 2d 269, 151 A.L.R. 1217; In Re Brown, Texas Civ. App., 201 S.W. 2d 844, error refused N.R.E.

It is a well established rule of civil procedure that in the absence of proof to the contrary the law of a sister state is presumed to be the same as that of the State of Texas. Nevill v. Gulf C. & S. F. Ry. Co., Texas Com. App., 244 S.W. 980; Ferguson-McKinney Dry Goods Co. v. Garrett, Texas Com. App., 252 S.W. 738; Milner v. Schaefer, Texas Civ. App., 211 S.W. 2d 600, wr. ref.; Ethridge v. Sullivan, Texas Civ. App., 245 S.W. 2d 1015, wr. ref. It would therefore be presumed that robmery with force and violence is a felony in the State of Arkansas as it is in Texas.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered February 16, 1955.