■ In the Matter of GREGORY W. et al., Appellants.— In two proceedings, each to adjudicate a different boy under 16 years of age a juvenile delinquent, the boys appeal from an order of the Family Court, Kings County, entered December 18, 1964, after a joint fact-finding hearing, which sustained the petitions and made disposition as to one of the boys (leave to appeal was granted to the other boy by this court). Order affirmed, without costs. The evidence amply established that appellants had committed the acts charged

in the petitions, which acts would have constituted crimes if they had been done by an adult. Assuming *arguendo* that the admissions made by appellants to petitioner (a police detective) three days after appellants' arraignment in the Family Court would under other circumstances have been regarded as erroneously received in evidence, in view of the time when they were made and that they were made in the absence of appellants' court-assigned counsel, here those admissions were put into evidence by appellants' own counsel, during cross-examination of petitioner and examination of his own witness (Jones). As to similar admissions made by one of the appellants to petitioner on the morning of the arraignment, as to which petitioner testified during his direct examination, no proper objection was interposed; and, in any event, those admissions may not be deemed prejudicial, in view of the fact that they were not substantially different from the admissions above mentioned, which appellants' own counsel adduced, and in view of all the other evidence establishing that appellants had committed the acts in question. Beldock, P. J., Christ and Brennan, JJ., concur; Hopkins, J., votes to reverse the order and to dismiss the petitions, with the following memorandum in which Rabin, J., joins: Without the statements of the appellants made to the police, the adjudications of juvenile delinquency cannot be supported. Each of the appellants was 12 years old at the time of the acts with which they were charged. Those acts include murder, rape, and sodomy perpetrated on two women, one of whom died. In my view, the statements are both internally inconsistent and inconsistent with known events not mentioned in the statements. The inconsistencies in part appear from the following: (a) the living victim of the attack heard but one voice, said to be " deep "; the statements assert that both appellants participated in the attack; (b) she estimated the age of her assailant at about 20 years old; (c) the homicide was done by manual strangulation, with great force indicated; (d) after the first set of statements was obtained from the appellants, it was found that the Kings County Hospital records indicated that Gregory W. had been confined to a locked ward for psychiatric observation on the night and morning of the incident; there was no mention of the confinement in the first statements; (e) the second statements of Gregory W. then attempt to explain his confinement by asserting that he escaped from the hospital by the use of a spoon or a key, committed the acts, and then returned to the locked ward of the hospital without detection, again by the use of the spoon or a key; there is no evidence that either a spoon could be so used, or that a key was missing; (f) the first set of statements asserted that appellants had used white gloves stolen from a department store previous to the incident; how this theft had occurred while Gregory W. was confined to the hospital for two days prior to the incident, or where the gloves had been during that period, was not explained. These inconsistencies so far impair the weight and reliability of the statements as to render them worthless. Moreover, the first statements were obtained from the appellants after lengthy detention, and in the absence of their parents or counsel. If this were a criminal prosecution, I think that the surrounding circumstances would preclude the use of the statements (*Gallegos* v. *Colorado,* 370 U. S. 49; *Haley* v. *Ohio,* 332 U. S. 596). The youth, inexperience, and low mentality of the appellants are factors which under existing law of New York invalidate the statements (cf. *People* v. *Roth,* 11 N Y 2d 80; *People* v. *Witenski,* 15 N Y 2d 392). The second statements (taken subsequent to the discovery of the hospital confinement of Gregory W.) were obtained while the appellants were awaiting arraignment or after their arraignment. **Under** existing New York law, such could not be admitted into evidence (*People* v. *Friedlander,* 16 N Y 2d 248; *People* v. *Meyer,* 11 N Y 2d 162; *People* v. *Wallace,* 17 A D 2d 981). I recognize that the standards of proof, and the nature of a

delinquency proceeding in the Family Court, differ from a criminal prosecution (*People* v. *Lewis,* 260 N. Y. 171; Family Ct. Act, §§ 731–749), but I do not consider that the standards of due process are different because of the difference in procedure. Both a criminal prosecution and a juvenile delinquency proceeding may result in detention, if the charge is determined to have been established. I would apply the same constitutional requirements of due process without regard to the nature of the proceeding, the standards of proof, or the punishment to follow, where the liberty of an individual is in the balance (cf. *Matter of Alaimo,* 16 A D 2d 814). A juvenile charged in the Family Court with the commission of acts amounting to a crime if committed by an adult should surely enjoy the same constitutional safeguards as would the adult charged in a criminal prosecution (cf. *Matter of Contreras,* 109 Cal. App. 2d 787; *Ex parte Osborne,* 127 Tex. Cr. R. 136; *State* v. *Franklin,* 202 La. 439; *Matter of Gault,* 99 Ariz. 181). A coerced confession is no more persuasive or less unreliable because the coercion was directed toward the young; and I would think that the fundamentals of due process do not depend on age. Hence, I would hold the statements inadmissible in the Family Court for the reasons that would render them inadmissible in the criminal courts. This was a bizarre crime, even if it had been committed by an adult; it becomes even more bizarre if committed by 12-year-old boys. I cannot accept their inculpation based upon their improbable and inconsistent statements, nor the evidentiary value of their statements, which, to my mind, were obtained under coercive circumstances.