**In re Manuel GUTIERREZ, Juvenile.**

**No. 18223.**

Court of Civil Appeals of Texas.

Fort Worth.

May 24, 1968.

W. W. Ballard, Wichita Falls, for Manuel F. Gutierrez.

OPINION

RENFRO, Justice.

Manuel F. Gutierrez, through his court appointed attorney, has asked this Court to set a reasonable and fair Recognizance Bond authorizing the release of applicant pending his appeal in this Court from a commitment order entered in a delinquency proceeding.

In May of 1963, applicant was charged with being a delinquent juvenile on complaint of his committing burglary and setting fires to yards. Custody was placed with his parents, under supervision of the probation officer of Wichita County.

On February 22, 1968, after a hearing, at which applicant was afforded representation by attorney, evidence was introduced that applicant had recently committed the offenses of rape and burglary. The court thereupon revoked the previous order of probation and committed applicant to custody of Texas Youth Council.

Article 2338–1, Sec. 21, Vernon's Ann. Civ.St., provides for appeals for aggrieved parties in delinquency cases. The rule, pertinent here, reads as follows, "An appeal, in the case of a child, shall not suspend the order of the Juvenile Court, nor shall it discharge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless that court shall so order. However, the appellate court may provide for a recognizance bond."

The Supreme Court, Espinosa v. Price, 144 Tex. 121, 188 S.W.2d 576, 160 A.L.R. 284, held, "The provisions thus made for bond in case of an appeal manifestly do not authorize the filing of a supersedeas bond as a matter of right but to the contrary, contemplate the exercise of discretion by both the trial and the appellate courts."

■ The statute vests in the trial court, and cumulatively in the appellate court, the discretion of allowing a defendant to be released on bond pending on appeal provided the trial court or the appellate court, as the case may be, deems it wise to permit the supersedeas of a judgment from which an appeal is being taken.

■ Unless it appears that the discretion so vested in the trial court has been abused, the Court of Civil Appeals would not be warranted in interfering with its orderly exercise. Espinosa v. Price, supra; Thomasson v. State, 269 S.W.2d 956 (Tex. Civ.App., 1954), reversed on other grounds, State v. Thomasson, 154 Tex. 151, 275 S. W.2d 463 (1955).

■ The applicant has not shown a clear abuse of discretion on the part of the trial judge in refusing to allow applicant to be released on bond.

We do not feel under the showing made, that we would be warranted in exercising our discretion to allow recognizance bond.

Application denied.