Herbert Douglas McALPINE, a Minor, et al., Appellants,

v.

STATE of Texas, Appellee.

No. 15658.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 14, 1970.

 

The Supreme Court of Texas in the case of Espinosa v. Price, 144 Tex. 121, 188 S. W.2d 576, said the following:

"This legislation vests in the trial court, and *cumulatively* in the *appellate court,* the discretion of allowing a defendant to be released on bond pending an appeal provided the trial or the appellate court, as the case may be, deems it wise to permit the supersedeas of a judgment from which an appeal is being taken."

See also Thomasson v. State, 269 S.W.2d 956, 957 (Tex.Civ.App.), rev. on other grounds 154 Tex. 151, 275 S.W.2d 463, and In Re Gutierrez, 431 S.W.2d 428 (Tex.Civ. App.), n. w. h.

Holder, Kenyon, Germany & Shaw, Wallace N. Shaw, Freeport, for appellants.

Ogden Bass, Criminal Dist. Atty., Angleton, Crawford C. Martin, Atty. Gen., R. D. Green, Asst. Atty. Gen., Austin, for appellee.

BELL, Chief Justice.

This opinion is on the application of Herbert Douglas McAlpine, who has been declared a delinquent child and who is confined in the Gatesville State School for Boys, and his parents, for this Court to allow a recognizance bond which would allow him to be discharged from confinement pending disposition of his appeal to this Court.

On April 3, 1970, the Juvenile Court denied a "Motion to Vacate Commitment, Order Revoking Probation and Judgment Declaring Juvenile to be a Delinquent Child." An appeal from this order is pending in this Court.

We refuse to allow a recognizance bond.

Article 2338–1, Section 21, Vernon's Ann. Tex.St., provides that an appeal shall not have the effect of suspending the judgment nor shall it discharge the child from custody unless the trial court shall so order. It also provides " * * * the appellate court may provide for a recognizance bond."

We are of the view that we have jurisdiction to allow a recognizance bond even though an appellant has not applied first to the trial court. However, we do not feel we should exercise such jurisdiction to order the child's release until application has first been made to the trial court. The trial court having had an opportunity to observe the demeanor of the boy is in a better position to determine whether he should remain in custody. In the absence of a clear abuse of discretion by the trial court we would not be warranted in ordering the boy released. The trial court has had no opportunity to exercise his discretion. Thomasson v. State, supra.

In this case the final order of commitment is attacked as being void because based on a judgment rendered about two years earlier which was alleged to be void because the juvenile was not represented by counsel nor were he or his parents advised of his rights in that regard. Further, it is alleged a confession was not properly admitted at the trial in August, 1967. Whether there is any substance to such contention depends upon the facts. There is no statement of facts in this appeal.

In such a situation, if a party believes himself to be illegally restrained because there are facts to be proven which would make the judgment void, and facts

are not shown in the main case, the proper procedure is to seek discharge in the district court by a writ of habeas corpus. In such a proceeding the facts can be developed.

We judicially know this procedure was followed because there is pending in this Court an appeal from the order of the district court refusing to discharge the juvenile.

Recognizance bond denied.