Robert THREADGILL, Appellant,

v.

Ed HOPSON et al., Appellees.

No. 6106.

Court of Civil Appeals of Texas, El Paso.

Sept. 30, 1970.

Rehearing Denied Oct. 21, 1970.

sues, all twelve jurors acquitted the defendant-appellees of any wrong-doing. All twelve jurors further found that the wife of the plaintiff-appellant was contributorily negligent in two particulars, which acts of negligence were proximate causes of the accident. The jury unanimously answered the damage issue, "None", where it inquired as to the personal injuries suffered by the appellant's wife. The jury verdict was received, filed without objection, and judgment was entered that appellant take nothing. We affirm the judgment of the trial court.

Appellant first centers his appeal around his one objection to the court's charge instructing the jurors that their answers to each special issue must be unanimous. The objection was to the effect that the jurors should have been instructed that, nine of them concurring, a verdict could be returned, the objection fairly following the pertinent language contained in Texas Constitution, Art. V, § 13, Vernon's Ann.St. Const.

In his brief the appellant reviews the history of the subject-matter relating to his objection which, together with his argument, may be summarized as follows: Art. V, § 13 of our Constitution took effect on April 18, 1876 and provides that in trials of civil and criminal cases, below the grade of felony, in the district court, nine members of the jury concurring may render a verdict. This presented a rule that took immediate effect upon the existence of the Constitution as the organic law of the State; and until the passage of Art. 2203, Vernon's Ann. Texas Revised Civil Statutes Annotated, effective on August 1, 1876, a verdict of nine jurors concurring was valid. Bowen v. Davis, 48 Tex. 101 (1877). This Act of the Legislature followed out the power committed to it by that same section of the Constitution, and it was not to enact a rule authorized by the Constitution, but to change or modify one established by it, if it should not prove acceptable to the people. After the passage

---

Burnett & Childs, Jerry P. Childs, Richard J. Clarkson, Odessa, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, John M. O'Quinn, Houston, amici curiae.

Stubbeman, McRae, Sealy & Laughlin, James G. Noland, Midland, for appellees.

## OPINION

WARD, Justice.

This is a personal injury case where, by unanimous verdict in response to special is-

of this Act, the unanimous verdict rule remained in effect until September 1, 1941, when it was repealed under the authority of the terms of Article 1731a, Texas Revised Civil Statutes Annotated. Appellant further contends that Rule 291, Texas Rules of Civil Procedure, which is in the same terms as Art. 2203, is totally ineffective and void due to the terms of Art. 5, § 13, supra, which by its own terms is always effective unless changed by the Legislature itself. The appellant then argues that by our Constitution, the exclusive method to change the nine-man rule is exclusively in the Legislature and by our basic law this cannot be delegated by the Legislature to the Supreme Court. In other words, after the repeal of Article 2203, there has been no statute in Texas which has been passed by the Legislature in compliance with Art. 5, § 13, to so change the Texas organic law which states that a nine-man verdict is permissible in civil cases. Thus, appellant has in various ways raised constitutional objections to the present validity of Rule 291.

From the state of the record before us, there is no reason to discuss the constitutional aspects of the case, and we feel that we are prohibited from doing so. The appellant has not brought forward any statement of facts, or affidavit of jurors, and there is no showing, or even a claim, that any member of the jury at any time ever stated or considered that appellant's suit had merit of any kind. There is no claim or showing that nine jurors ever wanted to answer any issue in any other than the way the issues were actually answered. It would seem that a defendant's verdict in the manner in which this one was rendered, by twelve unanimous votes rather than by nine, is more burdensome only to the defendants below, and that actually the appellant who now complains was favored or benefited. State Bar, Appellate Procedure in Texas, § 17.3 [6].

■ Further, we feel that Rule 434, T. R.C.P., controls, and that this judgment should not be reversed. We fail to see how the error, if any, amounted to a denial of the rights of the appellant such as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. The present case fits into that policy advanced some years ago by Justice Calvert of not setting aside or reversing a judgment for errors of law (if any) committed during the trial unless, in the sound judgment of the court, the error contributed in a substantial way to bring about an unjust result. The Doctrine of Harmless Error in Texas, 31 Tex. Law Review 1, at page 17. No question of basic unfairness concerning a jury matter is presented to us such as was before the Supreme Court in Texas Employers' Insurance Association v. McCaslin, 159 Tex. 273, 317 S.W.2d 916 (1958). State Bar, Appellate Procedure in Texas, § 17.6. The appellant's first point is overruled.

■ The appellant's final point is to the effect that a matter of fundamental error is presented. The case does not present this problem, as the objection to the charge was presented, preserved in appellant's motion for new trial, and assigned as error by proper point to the court of civil appeals. Casper v. General Insurance Company of America, 431 S.W.2d 311 (Tex.Sup.Ct. 1968). Even considering the matter as of equal weight as to fundamental error or as a matter of possible fundamental error, this is not a matter where the trial court lacked jurisdiction, nor has there been any showing affirmatively and conclusively that the appellees were not entitled to recover. See concurring opinion of Chief Justice Alexander, in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947). Appellant's final point is overruled.

The judgment of the trial court is affirmed.