512 S.W.2d 350 (1974)
In the Matter of V. R. S.
No. 8474.
Court of Civil Appeals of Texas, Amarillo.
June 28, 1974.
*351 Brown & Harding, R. Michael Brown, Lubbock, for appellant.
Alton R. Griffin, Dist. Atty., Mary Ann Wiley, Lubbock, for appellee.
REYNOLDS, Justice.
Pursuant to adjudication and disposition hearings authorized by Title 3 of V.T.C.A., Family Code §§ 54.03 and 54.04, the child V.R.S. was adjudged to be a child who has engaged in delinquent conduct and he was placed on probation. Determining that inadmissible evidence admitted before the jury denied the child the fair hearing assured by the statute, we reverse and remand.
While investigating a robbery complaint, a Lubbock police officer received from a first-time informant the information that the child V.R.S. possibly could be involved in the offense. Locating the child at the home of a friend, the officer told the child that he was a robbery suspect and advised him of his constitutional right against compulsory self-incrimination by administering the standard warning evolved from the procedural safeguards pronounced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Invited to discuss the matter at the police station, the child accompanied the officer. Enroute to the station, the officer interrogated the child. Without requesting to confer with or receiving the advice and consent of an attorney, the child made an oral statement incriminating himself and revealing that the starter's pistol used in, and a bank bag taken at the time of, the robbery were in his friend's home. Prior to this revelation, the police were not aware of the location of these two items if, in fact, they were even aware that they existed. According to the officer, he then placed the child under arrest and returned him to the friend's home. In the presence and with the assistance of the child, the pistol and the bank bag were located and taken into custody. Escorted to the police station, the child, after again being advised of and waiving in writing his rights without requesting or receiving the assistance and consent of an attorney, executed a written statement consistent with the oral statement previously made to the officer.
*352 Three days later, the state filed a petition, which subsequently was superseded by an amended petition, both alleging that the child has engaged in delinquent conduct by violating a penal law of the grade of felony, to wit: Article 1408, Vernon's Ann.P. C. By this article, robbery is declared to be a felony offense. The child's special exception directed to the form and substance of the amended petition was overruled.
After a pre-trial hearing, the trial court factually finding a lawful arrest and detention of the child supported by probable cause, the child's lack of standing to object to the seizure of the two items at the friend's home, and a valid waiver by the child of his constitutional rights in executing the statementheld the seized items and the child's written statement to be admissible. At the child's adjudication hearing before a jury, the seized items and the child's written statement were admitted in evidence over the child's objections.
The court's charge to the jury contained an instruction, submitted conformably to Rule 292, Texas Rules of Civil Procedure, and over the child's objection, that a verdict might be rendered "upon the vote of ten or more members of the jury." A verdict finding that the child has engaged in delinquent conduct was returned signed by ten of the twelve jurors. Accepting the verdict, the court entered judgment thereon. At the conclusion of the disposition hearing, the court placed the child on probation.
The thrust of several contentions advanced by the child is that he was denied the fair hearing assured by, and in which the recognition and enforcement of his constitutional and other legal rights are guaranteed in, V.T.C.A., Family Code § 51.01(5).[1] One of those contentions is that his written statement was inadmissible for lack of the § 51.09(1) requirement of concurrence of his attorney in his waiver of his constitutional and other legal rights on which his written statement is predicated. We concur.
The precise contention was upheld in our disposition this week of the case of In the Matter of F.G., 511 S.W.2d 370 (Tex.Civ.App.Amarillo, 1974. There, we held that before a child may validly waive his constitutional right to remain silent, and thereby resist compulsory self-incrimination, concurrence by the attorney for the child in the waiver is required by § 51.09(1); and that, as a result, an incriminatory statement made by a child upon waiving such right, absent the attorney's concurrence in the child's waiver, is inadmissible and may not be used against the child. With reference to but without reiteration here of the authority cited and the rationale expressed in In the Matter of F.G., supra, we adhere to those holdings. Consequently, V.R.S.'s incriminatory written statement, sans the concurrence of his attorney in the waiver of his rights producing the statement, was inadmissible and it should not have been used against him.
Another contention is that it was error to admit in evidence over the child's objection the starter's pistol and the bank bag. Again, we agree. These items were obtained and seized by the officer as the direct result of, and immediately after, the oral statement made by the child without the concurrence of the attorney for the child in the waiver of the child's right to stand mute. Additional to the § 51.09(1) mandate that the waiver of any constitutional or other legal right granted by the statute to the child must be made both by the child and the child's attorney, is the statutory demand that such waiver be in writing or be made in recorded court proceedings. § 51.09(4). Of course, the child's oral waiver met neither of these conditions; therefore, the oral waiver was a nullity.
*353 Thus, the seized pistol and bank bag were obtained without the sanction of a valid waiver of the child's right to remain silent about their existence or whereabouts and, so far as this record shows, the items would not have been discovered for the state but for the exploitation of the invalid waiver by the police officer. This evidence, being illegally seized or obtained, is declared by the last sentence of § 54.03(e) to be inadmissible at the child's adjudication hearing. This statutory prohibition against admissibility of such evidence is but an expression of the well-ingrained principle that evidence obtained by the sovereign's own wrong cannot be used by it, Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), particularly when the fruit plucked is poisoned by the direct exploitation of that wrong. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The admission of V.R.S.'s written statement and the pistol and the bank bag in evidence constituted by far the greater measure of the proof before the jury that the child has engaged in delinquent conduct. The use of this evidence admitted over well-founded objections denied to the child the fair hearing and the recognition and enforcement of his constitutional and other legal rights envisioned in and assured by § 51.01(5). The denial dictates that the judgment must be reversed and the cause remanded.
Inasmuch as it has been determined that the child was denied a fair hearing, any discussion of the remaining contentions on the same subject is needless. However, in the event of further proceedings because of the remand, two other points brought forward should be noticed.
The child submits that the instruction in the court's jury charge authorizing, and the acceptance by the court of, a verdict concurred in by only ten jury members resulted in his "conviction" of a felony in violation of Vernon's Ann.Tex.Const. art. 5, § 13, which reads in part:
"(P)etit juries in the District Courts shall be composed of twelve men;. . . In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, . . . provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."
Parenthetically, it is noticed that from and after the adoption of the constitution on February 15, 1876, the concurrence of only nine of the twelve jury members was sufficient to render a verdict in a district court civil case until the legislature, as it constitutionally was authorized to do, changed the rule by its statute approved August 1, 1876, to require the unanimous concurrence of the twelve jurors. Bowen v. Davis & Bro., 48 Tex. 101 (1877). The unanimity rule remained in effect until the modification of Rules 291 and 292, T.R.C.P., to provide, effective February 1, 1973, for a district court civil verdict rendered by ten or more of the twelve members of the jury.
Although candidly conceding that Texas is not commanded by the Federal constitution to grant a juvenile a trial by jury,[2] nor to compel jury unanimity for conviction of adult defendants,[3] the child argues that Texas, in exceeding the Federal constitutional requirements by constitutionally requiring jury unanimity for a felony conviction *354 and in statutorily granting in § 54.03(c) a right of trial by jury at the child's adjudication hearing, absolutely requires jury unanimity for a child's felony "conviction" in an adjudication proceeding. Recognizing that these proceedings are termed "civil" by the statute and that Rule 292, T.R.C.P., authorizes a civil verdict upon concurrence of ten or more members of the jury of twelve, the child further argues that since he was "convicted" of a felony for which the state constitution demands a unanimous verdict, then Rule 292, T.R.C.P., is unconstitutional as applied to his case.
We are not in agreement with the efficacy of the arguments. Although extensively well-reasoned within the perimeters of the propositions stated, the arguments are founded on and proceed from the fallacious premise of the "felony conviction" of the child.
We are not unmindful that the delinquent conduct defined in § 51.03(a)(1) may consist of the violation of a penal law of this state punishable by imprisonment, that the only delinquent conduct alleged against the child was a violation of such a penal law, and that the jury's verdict found the child has engaged in delinquent conduct. Neither are we unmindful that one of the dispositions authorized for adjudicated delinquent conduct is the curtailment of the child's liberty for a limited time. Moreover, we are cognizant of the divergent views voiced on the issue of whether proceedings against a child must be conducted under civil or criminal procedures. See, e. g., State v. Santana, 444 S. W.2d 614 (Tex.1969),[4] and authorities referred to therein.
Yet, from the time Texas determined that juveniles should no longer be treated the same as adult offenders and enacted the Texas Juvenile Act, Vernon's Ann.Civ.St. art. 2338-1, to provide for a separate beneficial treatment of children, it was the view expressed in § 13(3) of that Act, which was held to be constitutional in Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944), and it continuously has been the prevailing view from that time that the child should not be charged, convicted nor classed as a criminal, and that he should not suffer, as a result of any adjudication, any disabilities ordinarily imposed by a conviction. Dendy v. Wilson, supra; State v. Santana, supra. As long as the child's constitutional rights were protected, the procedures employed were not those used in adversary criminal prosecutions, but they were those used in civil cases. Dendy v. Wilson, supra; State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463 (1955); State v. Santana, supra; Carrillo v. State, 480 S. W.2d 612 (Tex.1972); In re Cockrell, 493 S.W.2d 620 (Tex.Civ.App.Amarillo 1973, writ ref'd n. r. e.).
Title 3 of the current Family Code retains and emphasizes this view. One of the stated purposes of the statute, pronounced in § 51.01(3), is "to remove from children committing unlawful acts the taint of criminality and the consequences of criminal behavior." The adjudication finding is only "whether or not the child has engaged in delinquent conduct or conduct indicating a need for supervision", § 54.03(f), and "(a)n order of adjudication or disposition . . . is not a conviction of crime, and does not impose any civil disability ordinarily resulting from a conviction." § 51.13(a). Section 51.17 specifically provides that, except for conflict with another provision, "the Texas Rules of Civil Procedure govern proceedings under this title." Additionally, the right of appeal granted is not an appeal to the Court of Criminal Appeals which is vested with the jurisdiction over criminal appeals, but *355 it is an appeal to the court of civil appeals with the proviso that the case may be carried to the Supreme Court by writ of error or upon certificate as in, and under requirements governing appeals of, civil cases generally. § 56.01(a) and (b). Furthermore, a child under the jurisdiction of the juvenile court may not be committed or transferred to a place used primarily for the execution of sentences of persons convicted of crime. § 51.13(c).
In brief, these writings manifest that the statutory scheme is the noncriminal treatment of the child subjected to the jurisdiction of the juvenile court, and not the fixing of criminal responsibility and punishment. The juvenile court is charged with the responsibility of determining the rehabilitative needs of the child rather than serving as a forum for the prosecution of criminal conduct; and, if the child is to be removed from his family environment, the court serves not to punish, but to secure for the child custodial care and discipline as nearly as possible equivalent to that which his parents should have provided.
Accordingly, we hold that proceedings authorized by Title 3 of the Family Code are civil adjudications and not criminal prosecutions. This determination remains constant even though the delinquent conduct alleged may be the violation of a penal law of the grade of felony, and notwithstanding that the disposition made may result in the curtailment of the child's liberty for a limited time. It follows that the proceedings shall be governed, as long as the child's constitutional rights are protected, by the procedures used in civil cases.
Procedures in civil cases are regulated by the Texas Rules of Civil Procedure promulgated by the Supreme Court under the full rule-making power bestowed on that Court by the legislature. Art. 1731a, V.A. C.S. The power relinquished by the legislature and vested in the Supreme Court included that power delegated by Art. 5, § 13, of the constitution to the legislature to change or modify the constitution's rule authorizing less than the whole number of the jury to render a verdict in civil cases. A rule adopted by virtue of Art. 1731a, V.A.C.S., has the dignity of, and is entitled to the same force and effect as, a legislative statute, unless the legislature seasonably disapproves the rule or unless the rule alters the substantive rights of litigants.
Rule 292, T.R.C.P., included among the rules initially promulgated, was amended effective February 1, 1973, to provide, inter alia, that in a civil case tried before a jury of twelve, ten or more jurors, concurring, may render a verdict. This rule operates in lieu of, and by the authority granted in, the corresponding provision of Art. 5, § 13. Since the rule neither was seasonably disapproved by the legislature nor alters any substantive rights of the child, it is constitutional and applicable to an adjudication hearing before a jury.
The other matter to be noticed is the child's challenge to the form and substance of the amended petition drafted to comply with the requisites of § 53.04. The challenge flows from the assertion that the proceedings are a criminal prosecution requiring the petition to be in the form prescribed for prosecutions in Art. 5, § 12, of the constitution. Our determination that these proceedings are a civil adjudication and not a criminal prosecution disposes of the unavailing challenge and results in the holding that the requirements of § 53.04 control the petition's form and substance.
For the reasons stated, the judgment is reversed and the cause is remanded.
NOTES
[1] Subsequent section citations refer to the sections of Title 3 of V.T.C.A., Family Code unless otherwise indicated.
[2] McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).
[3] Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); Apodaca v. Louisiana, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).
[4] The holding that the quantum of proof required in a juvenile proceeding is that of a preponderance of the evidence caused a reversal and remand by the United States Supreme Court upon its determination that the proof must be beyond a reasonable doubt. Santana v. Texas, 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1970).