

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 2, 1975

The Honorable Alton R. Griffin
Criminal District Attorney
Lubbock County Courthouse
Lubbock, Texas 79401

Opinion No. H- 573

Re: Court reporter's fee
for transcript for indigent
defendant.

Dear Mr. Griffin:

You request our opinion on several questions concerning the proper fee to be charged by a court reporter for preparing a transcript for an indigent defendant in a criminal case. Article 40.09, section 5, Code of Criminal Procedure, as amended by Acts 1967, 60th Leg., ch. 659, p. 1742, provides that the amount of compensation to be charged by a court reporter for such services is to be set by the trial judge. While article 2324, V. T. C. S. , limiting the amount a court reporter may charge for an original transcript, is of general application to all cases in district court, article 40.09, section 5, Code of Criminal Procedure, applies only to the preparation of a transcript for an appellate record by order of the court for an indigent defendant.

> . . . where the Legislature makes provision for all cases generally and also enacts a special statute governing a special class of case, the special statute must prevail over the general act in the field where the special act is operative. Espinosa v. Price, 188 S. W. 2d 576 (Tex. Sup. 1945).

Accordingly, since section 5 of article 40.09 is more specific in its subject matter than article 2324, the former controls the latter; and the fee to be charged for preparing such transcript is within the discretion of the trial judge.

You also inquire as to what may be considered a reasonable fee for the preparation of a transcript under article 40.09, section 5. Since the trial judge exercises his discretion in setting the fee, such determination must be followed by the Commissioners Court absent a showing of an abuse of discretion. Commissioners Court of Lubbock County v. Martin, 471 S. W. 2d 100 (Tex. Civ. App. --Amarillo 1971, writ. ref'd. n. r. e.); see Attorney General Opinions H-544 (1975), C-785 (1966), and C-683 (1966).

You state that the Commissioners Court has received a bill from the district court reporter for preparation of a transcript for an indigent defendant. The bill is stamped "approved" and signed by the trial judge. You ask whether a separate statement from the court certifying the validity of the amount charged should accompany the judge's signature. Article 40.09, section 5 provides in part:

> Upon certificate of the court that this service
> has been rendered, payment therefor shall be
> made from the general funds by the county. . . .

A "certificate" has been construed to be a signed, written testimony to the truth of something. Friendswood Ind. Sch. Dist. v. National Surety Corp., 423 S. W. 2d 95 (Tex. Civ. App. --Houston (14th Dist) 1967), reversed on other grounds 433 S. W. 2d 690 (Tex. Sup. 1968).

The court in Kay-Vee Realty Co. v. Town Clerk of Ludlow, 243 N. E. 2d 813 (Mass. 1969) quoting Black's Law Dictionary (4th ed.), defines "certificate" as a:

> . . . written assurance or official representation
> that some act has or has not been done, or some
> event occurred, or some legal formality has been
> complied with.

A certificate is not necessarily nor usually sworn to. 14 C. J. S. Certificate, p. 111.

Although the bill from the court reporter contains the cause number, defendant's name, the nature of the service and the amount due, it does not expressly state that "this service has been rendered." Since the judge must order the reporter to make such a transcription, we believe it is fair to imply by the judge's signing the bill that, in fact, such services have been rendered in accordance with the order and that the sum charged is that which was set by the judge. Cf., Attorney General Opinion M-1159 (1972). A separate statement from the judge certifying that the transcript has been duly prepared is not necessary. See also Attorney General Opinion C-785 (1966).

Finally, you ask whether the judge's signature alone is sufficient certification or whether his capacity as district court judge should also be indicated.

Although designation of the capacity in which he is signing is desirable, we believe it is not necessary. As long as a judge is performing an authorized act in his official capacity, his signature alone is sufficient authorization.

## SUMMARY

Under article 40.09, section 5, Code of Criminal Procedure, the fee to be charged by a court reporter for preparing a transcript for an indigent defendant is to be set by the trial judge. A separate statement certifying the validity of the amount charged is not necessary if the court reporter's bill sufficiently identifies the reason for the charge and is signed by the judge. In signing said bill, the judge need not designate his official capacity, although such a practice would be desirable.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg